Filed Feb. 23, 1892.

——————◆——————

● No. 16,388.

WOOD v. THE STATE, EX REL. DODSON.

OFFICE AND OFFICER.—*Holding Two Offices at Same Time.*—One can not legally hold the office of school trustee of an incorporated town and the lucrative office of postmaster at the same time.

SAME.—*Quo Warranto.*—*Demand for Surrender of Office not Necessary.*—Under the second subdivision of section 1131, R. S. 1881, to entitle one claiming an office held by another to a judgment of ouster, no demand for a surrender of the office is necessary.

PRACTICE.—*Special Denial.*—*Sustaining Demurrer Thereto.*—It is not error to sustain a demurrer to a special denial where the evidence admissible thereunder is admissible under the general denial already in, and the same defence can be made under the general denial as under the special denial.

SAME.—*Objections to Evidence not Raised Below.*—Objections to evidence, not made when it was introduced, will not be considered on appeal.

JUDGMENT.—*Greater Relief Granted than Party is Entitled to.*—*Waiver.*—' Where a party is entitled to a judgment in his favor, but is granted greater relief than he is entitled to under the evidence, the judgment will not be disturbed in the absence of a motion to modify it.

From the Lawrence Circuit Court.

*J. H. Willard* and *W. H. H. Edwards,* for appellant.
*N. Crooke* and *M. Owen,* for appellee.

OLDS, J.—The appellant was elected school trustee and president of the school board of the school town of Mitchell, in Lawrence county, Indiana, on the 6th day of September, 1890. At that time, and ever since, said appellant has been and was holding the office of postmaster at the said town of Mitchell, a lucrative office, retaining and holding the of-

fice of postmaster, the appellant filed his bond and qualified as president of the school board, and took possession of the office. On the 7th day of May, 1891, the board of trustees of said town proceeded to and did elect the relator school trustee, and he was duly elected president of the school board of the said school town of Mitchell, and the relator brings this action to oust the appellant and recover a judgment of ouster in the court below. The judgment goes further than to merely oust the appellant, and gives the relator the office, but no objection is raised to the form of the judgment. If the relator was entitled to a judgment in his favor, but he is given more by the judgment than he is entitled to, the judgment can not be disturbed, as no motion was made to modify the judgment, and no question is presented as to its form.

The first question discussed is the sufficiency of the complaint.

We have examined the complaint, and do not deem it necessary to set it out.

The complaint is clearly sufficient to withstand a demurrer. The action is properly prosecuted under the second subdivision of section 1131, R. S. 1881, to oust the appellant, and its averments are sufficient to make it good under that section. It is contended that there is no averment showing the holding of a legal office by the relator or the appellant, that it is designated as the office of school trustee of said town of Mitchell. This objection is not well taken. The office is clearly designated. There can be no mistake about the office in controversy being the office of school trustee and president of the school board of the school town of Mitchell. In other words, it is clear from the averments of the complaint that the relator was elected school trustee of the school town of Mitchell by the trustees of the town of Mitchell, and that he was elected president of the school board, and gave bond and qualified as such, and that the appellant was holding the same office and exercising the functions thereof. The pleading is not as explicit as it ought to be, but it is not

subject to a demurrer on this account. It is further urged that the pleader has stated conclusions instead of facts. This objection is not well taken.

It is next urged that the court erred in sustaining a demurrer to the second paragraph of appellant's answer, the first being a general denial. All the evidence that could have been introduced under this paragraph was admissible under the general denial, and the same defence could be made under the general denial as under this paragraph. It is a mere special denial of facts. While the proper practice would have been to have addressed to it a motion to strike it out, which should have been sustained, yet no error was committed by sustaining a demurrer to it.

It is further contended that the finding of the court is not sustained by sufficient evidence. It is urged that no demand was proven. To entitle the appellee to a judgment of ouster under the second subdivision of section 1131, no demand was necessary, and if the evidence entitled the appellee to some judgment in his favor it can not be set aside because the court gave too large a judgment, there having been no motion to modify. If the court granted the appellee greater relief than he was entitled to under the evidence, and the appellant desired to avoid that portion of the judgment not sustained by the evidence, he should have moved to modify the judgment.

Counsel for appellant discuss an alleged error in the admission of evidence, but the objection to the evidence discussed by counsel was not made to the evidence when introduced.

Counsel for appellant concede that the appellant holds both offices, and that he is entitled to hold but one of them, but contend that relator has not shown by legitimate evidence that he is entitled to the office of school trustee, and appellant seeks to defeat the action on that ground. *Chambers* v. *State, ex rel.*, 127 Ind. 365; *Foltz* v. *Kerlin*, 105 Ind. 221. There is but little merit in the appeal.

The case appears to have been fairly tried and determined on its merits in the court below, and there was no such error committed as should reverse the judgment.

Judgment affirmed, with costs.

Filed Feb. 19, 1892.