No. 1,548.

## OLDFATHER *v.* ZENT.

EVIDENCE.— *Malicious Prosecution.* — *Illness by Reason of Such Prosecution.—Damages.*—Evidence that plaintiff, in an action for malicious prosecution, became ill by reason of such prosecution and unable to attend to business for a specified time, thereby forfeiting his earnings under a special contract, is inadmissible under a general allegation that he was "greatly injured in his business."

APPELLATE PROCEDURE.—*Malicious Prosecution.—Evidence.—Remittitur.—Recovery.*—Error in admitting, without a proper pleading, evidence that plaintiff, in an action for malicious prosecution, became ill by reason of such prosecution, thereby forfeiting his earnings for a specified time under a special contract, cannot be cured by a *remittitur* of the amount allowed for being unable to attend to business, where it cannot be determined how much plaintiff's becoming ill may have affected the jury in fixing the amount of recovery for distress and humiliation.

From the Marshall Circuit Court.

*H. S. Biggs, J. W. Parks* and *W. D. Frazer,* for appellant.

*C. P. Drummond, L. W. Royse, J. D. Widaman, France & Dungan* and *C. W. Watkins,* for appellee.

LOTZ, J.—This cause, and case No. 1,564, have been consolidated by the previous order of this court.

This action was instituted by the appellee, against the appellant, to recover damages for alleged malicious prosecution. The complaint is in two paragraphs. The first alleges that the defendant maliciously, and without probable cause, procured the plaintiff to be arrested and prosecuted upon a charge of obtaining money under false pretenses, from the defendant; that the plaintiff was tried and final judgment of acquittal rendered. It is further averred that "the plaintiff was put to great expense in the employment of counsel in the sum of $50, and at an expense of himself in the sum of $200, and his loss of time in the sum of $200, and he says that he was put to great trouble and annoyance in procuring bail, and he says that he was greatly injured in his business and reputation in the sum of $25,000, and, therefore, he asks judgment for $26,000 and all other proper relief in the premises."

The second paragraph is similar to the first, though more general in its averments. The prayer for damages is in these words, "and plaintiff was put to great trouble and expense and was damaged in the sum of $25,000; therefore, he asks judgment for $25,000, and for all proper relief in the premises."

The cause was put at issue by the general denial and the jury returned a special verdict assessing the plaintiff's damages in the sum of $1,750. Appellant's motion for a new trial was overruled and judgment rendered in favor of the appellee.

Subsequently to the term of court at which the judgment was rendered, the appellant filed his complaint for a new trial on account of newly discovered evidence, which came to his knowledge after the close of the term. A demurrer was sustained to this complaint.

Oldfather *v.* Zent.

The overruling of the motion for a new trial and the sustaining of the demurrer to the complaint for a new trial, are the only assignments of error discussed by appellant's counsel.

Upon the trial of the cause, the appellee gave evidence over appellant's objection, to the effect that he had a special contract with an insurance company by which he was receiving $300 per month for his services, and that by reason of the prosecution he became ill and was unable to attend to his business for the period of four months, and he was compelled to forfeit his earnings for that period. The jury in its special verdict made the following finding: "We find that in order to make a proper defense of himself to the indictment instituted against him by the said Oldfather in the Kosciusko Circuit Court, he was compelled to, and did, pay in attorney's fees, witness fees, and loss of time, the sum of $150, and that as a result of such arrest and prose- cution so instituted against him, he became sick and unable to attend to business for a period of three months, and that he was receiving at that time, and would have received had he been able to attend to business, the sum of $300 per month, and we find that he was annoyed, distressed and humiliated and put to shame by such arrest and prosecution."

The admission of the evidence relating to the ill health produced by the arrest and prosecution was made one of the causes for a new trial. It is clear from the finding that this evidence affected the verdict of the jury. Was this testimony admissible under the allegations of the pleadings?

All damages which may be recovered in an action at law must be such as are the proximate consequences of the injury complained of. It is true that in some instances the law permits a recovery for such damages

as are physically secondary or consequential of the con-
trolling cause or injury; but even in such cases the
damages must be the proximate result.    Damages are
either general or special.    General damages are such as
the law implies or presumes to flow from the injury or
wrong done.    Special damages are such as really took
place, although not implied by law; they are such as
are usually superadded to general damages.    Whenever
the damages naturally flow from the act done, or in
other words when they are implied by law, it is sufficient
to allege them generally, for it is unnecessary to plead
presumptions of law or aver them as facts, but when
the law does not necessarily imply that the plaintiff sus-
tained damages by the act complained of, it is essential
to the validity of the pleading that the resulting dam-
ages should be shown with particularity.    Mr. Chitty, in
his work on Pleading (Vol. 1), p. 411, says: "And when-
ever the damages sustained have not necessarily accrued
from the act complained of, and consequently are not
implied by law, then, in order to prevent the surprise on
the defendant which might otherwise ensue on the trial,
the plaintiff must in general state the particular damage
which he has sustained, or he will not be permitted
to give evidence of it."    See also Sedgwick Meas. Dam.,
sections 1261, 1265; *Lindley* v. *Dempsey*, 45 Ind. 246.

In an action of trespass for killing a mare, it was
held that damages for nursing and feeding two colts,
which the mare had been suckling, and for care and
attention to the mare's wound were not recoverable
under a general allegation.    *Tegarden* v. *Hetfield*, 11
Ind. 522.    Although as to the care and treatment of the
wound, perhaps a different rule prevails now.    *Evans-
ville, etc., R. R. Co.* v. *Holcomb*, 9 Ind. App. 198.

In an action for breach of a marriage contract, seduc-
tion is a proper matter in aggravation of damages, but

Oldfather *v.* Zent.

no such damages can be recovered unless specially pleaded. *Cates* v. *Kinney,* 48 Ind. 562. It has also been held in an action for breach of a marriage promise that the loss of the plaintiff's health is not the direct, natural, and necessary consequence of a breach of the contract, and that proof thereof is inadmissible, unless such damages are claimed in the complaint. *Bedell* v. *Powell,* 13 Barb. 183.

So in an action against a tenant for holding over, when the complaint only claimed general damages for the detention of the premises, it was held that this only included the rents for the use and occupancy, and did not include waste, such as breaking window lights, currant bushes broken down, grape vines dug up and carried away, and fences torn down; and it was not error to exclude such evidence in the absence of an averment covering these items. *Rothchilds* v. *Williamson,* 83 Ind. 387.

For the loss of business in the sense of loss of time, no specific allegation is necessary, but for a loss caused to a particular business or in reference to a particular contract, a special averment is necessary. Sedgwick Meas. Dam., section 1269. Here the evidence showed that the plaintiff had a contract with an insurance company by which he was guaranteed $300.00 per month, but the complaint did not disclose this fact, and the defendant could not be expected to meet it in the absence of an averment.

There are also instances in which the complaint alleges facts from which special damages must necessarily result. In such cases evidence is admissible in regard to such special damages, although no specific amount is claimed *eo nomine* on that account. Bodily pain and suffering, mental anguish and humiliation

may be mentioned as examples.   *Hutts* v. *Shoaf*, 88 Ind. 395.

But in the case at bar it did not necessarily and naturally follow that because the plaintiff was arrested and prosecuted upon a charge of false pretenses, he would become ill and thereby lose time from his business. There was nothing in the complaint to apprise the defendant of such fact.   Nor was there any averment to apprise the defendant that the plaintiff had a special contract with an insurance company which he was compelled to surrender on account of the prosecution.   It would be manifestly unfair to the defendant to require him to meet such evidence when it was not within the issues.   It was error to admit it.

The court may in some instances order a *remittitur* of a part of the judgment when the proof or finding shows that a part of it was erroneous, and that the evidence relating thereto did not otherwise affect the amount of the recovery.   But in this case, if the arrest and prosecution so humiliated and distressed the appellee that he became ill, the court has no means of knowing how much this fact affected the jury in fixing the amount of recovery on account of the humiliation and distress.   Its natural effect would be to increase it.

The complaint for a new trial, after the formal averments, alleges, in substance that the appellant had discovered that he could prove by a witness that the appellee did not lose three months' pay on account of ill health, but, on the contrary, the insurance company for which he was working paid him the amount agreed upon for that period. The evidence relating to ill health and loss of time was improper under the pleadings. The appellant was surprised and not prepared to meet it. His complaint shows diligence and states a good cause of action, and the demurrer should have been overruled.

The cause is reversed, with instructions to sustain appellant's motion for a new trial.

Judgment for all costs of both appeals against the appellee.

Filed October 15, 1895 ; petition for rehearing overruled December 19, 1895.