## ELIJAH ET AL. *v.* DOWLING.

[No. 7,512.   Filed February 23, 1912.]

1.   ASSAULT AND BATTERY.—*Damages.—Special.—Evidence of Employment of Another to Labor.*—In an action for damages for assault and battery, the complaint alleging that by reason of the plaintiff's injuries, he was disabled eight weeks and thereby prevented from performing labor or transacting business, it is not

erroneous to permit him to testify that he was compelled on account of the injuries to keep a hired man all winter, the evident purpose being to show the extent of his incapacity to perform labor, and not to prove special damages. p. 517.

2. ASSAULT AND BATTERY.—*Special Damages.—Complaint.—Evidence.*—Where a complaint for assault and battery does not allege special damages for the employment of additional help because of the alleged injuries, no recovery can be given therefor, and evidence thereof is inadmissible. p. 518.

3. ASSAULT AND BATTERY.—*Damages.—Itemizing.—Interrogatories.*—In actions of tort, where damages are not specially pleaded, it is improper to require the jury, in its answers to interrogatories, to itemize the elements thereof. p. 518.

4. ASSAULT AND BATTERY.—*Damages.—Improper Itemizing.—Questioning.—Appeal.*—In an action for damages for assault and battery, no special damages being pleaded, and an answer to an interrogatory to the jury apparently showing an inclusion in the general verdict, of the sum of $50 expended for extra labor necessitated by injuries received, no question is presented thereon on appeal, where no objection was made because thereof, nor exception reserved, and where no charge of excessive damages was made in the motion for a new trial, and no motion made to modify the judgment. p. 519.

5. APPEAL.—*Saving Questions.—Presentation of Rulings.—Judgment.—Motions to Modify.*—It is the duty of an appellant to show by the record that he presented the matter complained of to the trial court for decision; and where a judgment appealed from is partly valid, it will not be disturbed, where the trial court was not properly asked to modify it. p. 519.

6. APPEAL.—*Presentation of Error.—Presumptions.*—It is the duty of an appellant specifically to present error of the trial court in a proper, legal manner, since the court on appeal will not search for errors, every presumption being indulged in favor of the action of the trial court. p. 519.

7. NEW TRIAL.—*Newly-Discovered Evidence.—Corroborative.—Cumulative.—Impeaching.*—A new trial will not be granted on the ground of newly-discovered evidence, where such evidence is merely corroborative, cumulative, or impeaching. p. 519.

8. APPEAL. — *Presentation of Questions. — New Trial. — Newly-Discovered Evidence.—Evidence not all in Record.*—The overruling of a motion for a new trial based on newly-discovered evidence, will not be disturbed on appeal, where the bill of exceptions containing the evidence includes the evidence of only two witnesses and shows that others testified, since the omitted evidence might show the newly-discovered evidence to be merely corroborative, cumulative, or impeaching. p. 520.

From Jasper Circuit Court; *George F. Marvin,* Special Judge.

Action by Thomas S. Dowling against Orrin Elijah and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Rogers & Rogers* and *George A. Williams,* for appellants.
*William Darroch,* for appellee.

ADAMS, J.—Action by appellee against appellants to recover damages for injuries to the person of appellee, due to an alleged assault and battery. Trial by jury, with a verdict and judgment for appellee in the sum of $1,000.

Appellants in their brief enumerate the following as errors relied on for reversal: "(1) Permitting plaintiff to testify that he was obliged to employ additional labor on account of his injuries, when such special damages were not specially pleaded; (2) giving judgment on the verdict in favor of appellee and against appellants, in the sum of $50 damages for employing additional help; (3) overruling the motion of appellants for a new trial, on the ground of newly-discovered evidence."

While other errors are assigned, only the errors relied on by appellant for reversal will be considered.

It does not appear from the first error relied on, and which was one of the causes for a new trial, that the court erred in permitting plaintiff to testify that he was obliged to employ additional labor on account of his injuries.

1. In his complaint he sets out the nature and extent of his injuries, and avers that by reason thereof he was disabled for eight weeks, during all of which time he suffered, and still suffers, great pain, and that he was, and still is, prevented from performing ordinary labor and from transacting his business. As a witness in his own behalf he was asked the following question: "What is the fact, Mr. Dowling, about the physical condition you were placed in by reason of these injuries, causing you to pay out—to employ

additional labor during the winter following the injury?" He answered as follows: "I had to keep a hired man to do my work all winter; had to keep this man extra, on account of the injuries that I received."

Appellants insist that the purpose of this question and answer was to establish and recover special damages not specifically pleaded. Clearly the question was not propounded for the purpose of proving what expense appellee had incurred for additional labor, and that he did not so understand the question is shown by his answer. The burden was on appellee to prove that he had been damaged by the wrongful act of appellants. It was important to show the extent of his injuries, and his incapacity to work was a proper circumstance to be developed by the evidence. We think appellants were not harmed by the answer.

The second error relied on for reversal is that the court erred in rendering judgment on the verdict in the sum of $50 for damages incurred because of the employment of additional help. It is not averred in the complaint that any sum of money was paid or any obligation incurred by appellee on account of additional help. No special damages were alleged, and could not, therefore, be made the basis of any recovery. *Oldfather* v. *Zent* (1895), 14 Ind. App. 89, 92. The record, however, discloses that the court submitted to the jury, among others, a certain interrogatory which required the jury to state the amount of the damages incurred by the employment of additional help, and an answer of "fifty dollars" was returned. The general rule is that in actions of tort it is improper to require the jury to answer interrogatories, itemizing the elements of damage, where it is unnecessary specially to plead such elements of damage. *Keller* v. *Gaskill* (1898), 20 Ind. App. 502, 513; *Southern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154; *Ohio, etc., R. Co.* v. *Judy* (1889), 120 Ind. 397, 400; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 389.

In this case the general verdict was for $1,000, and whether the interrogatory was properly or improperly submitted, it does appear that the sum of $50 was included in the amount of the verdict, and was for damages not specially pleaded. Appellants, however, are not shown by the record to have made any objection or taken any exception. In their motion for a new trial they did not assign excessive damages as a cause therefor, nor did they file any motion to modify the judgment.

In an action of this kind a party on appeal will not be heard to complain of an error of the trial court, where such complaining party has given the trial court no opportunity to correct such error. Elliott, App. Proc. §§827, 828. It has also been held that where a part of the judgment is valid, it will stand unless proper steps have been taken by objection presented to the trial court to secure a modification thereof. *Bayless* v. *Glenn* (1880), 72 Ind. 5, 11; *Teal* v. *Spangler* (1880), 72 Ind. 380, 383; *Becknell* v. *Becknell* (1887), 110 Ind. 42, 54; *People's Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 300; *Studebaker* v. *Markley* (1893), 7 Ind. App. 368, 374.

The burden is on the party appealing, not only to point out error of the trial court, but to present it in a manner recognized by law and by the rules of this court. Every presumption is indulged in favor of the action of the trial court, and we will not search the record for errors on which to reverse a cause. *State, ex rel.,* v. *John* (1908), 170 Ind. 233, 238; *Kraus* v. *Lehman* (1908), 170 Ind. 408, 415; *Emerson* v. *Opp* (1894), 9 Ind. App. 581, 587.

The third error relied on for reversal is predicated on the action of the court below in overruling the motion for a new trial, which assigned newly-discovered evidence as a cause therefor. It is well settled in this State that a new trial will not be granted on account of newly-discovered evidence, where such evidence is merely

cumulative, or corroborative of evidence given in the former trial, or is designed to impeach the evidence of a witness or of witnesses testifying at such trial. Ewbank's Manual §45; *Spaulding* v. *State* (1904), 162 Ind. 297, 300; *Barrett* v. *State* (1895), 141 Ind. 149, 152.

The original bill of exceptions included in the transcript sets out the evidence of only two witnesses, whereas other witnesses are shown to have testified at the trial.

8.   Without all the evidence we are unable to determine whether the newly-discovered evidence is corroborative of the evidence given, or is intended to impeach the evidence of witnesses testifying at such trial.

As the record before us discloses no reversible error, the judgment is affirmed.