MILLIKAN v. McALPIN, TRUSTEE, ET AL.

[No. 22,319. Filed April 10, 1914.]

1. APPEAL.—*Presentation of Questions Below.—Failure to File Motion for New Trial.—Objection to Part of Order.*—Where appellant failed to file a motion for a new trial and made no effort to correct or modify the order of the trial court, he cannot be heard to complain on appeal that the order of the court appointing a receiver for mortgaged property was erroneous in that certain property was improperly included. p. 483.

From Bartholomew Circuit Court; *Hugh Wickens,* Judge.

Action by Elbert A. McAlpin, Trustee, against Frank M. Millikan and others. From an interlocutory order appointing a receiver, the defendant Frank M. Millikan appeals. *Affirmed.*

*Frederick E. Matson, Edward E. Gates, James A. Ross* and *John Rynerson,* for appellant.

*Charles S. Baker* and *Frank N. Richman,* for appellees.

SPENCER, J.—This is an action by appellee Elbert A. McAlpin, as trustee, against appellant and the other appellees to foreclose a mortgage on certain real estate and machinery. Subsequent to the filing of his complaint and before the trial of the cause, plaintiff filed a petition to have a receiver appointed to take possession of said property during the pendency of the action and until the expiration of the year of redemption. The court granted said petition, after a hearing, and issued an interlocutory order appointing the receiver. This appeal follows.

Appellant makes no contention that the court erred in appointing a receiver to take charge of the real estate and to collect the rents and profits therefrom but insists

1. that the order of the court improperly included the machinery in question. Appellant filed no motion for a new trial, however, and made no effort in the lower court to correct or modify the order. As is said in *Bayless* v. *Glenn* (1880), 72 Ind. 5, 11: "Where any part of a judgment is valid, it will stand unless proper steps have been taken by objection duly presented to the trial court to secure a modification or amendment, by amending or rejecting the part which is wrong." In *Wood* v. *State, ex rel.* (1892), 130 Ind. 364, 366, 30 N. E. 309, it was held that "if the court granted the appellee greater relief than he was entitled to under the evidence, and the appellant desired to avoid that portion of the judgment not sustained by the evidence, he should have moved to modify the judgment." See, also, *Bristow* v. *McClelland* (1890), 122 Ind. 64, 67, 22 N. E. 299.

No question is properly presented for our determination, and the judgment is therefore affirmed.

NOTE.—Reported in 104 N. E. 855. As to what judgments and orders may be appealed from, see 20 Am. St. 173.