KOONS ET AL. v. BURKHART.

[No. 9,561.    Filed June 6, 1918.]

1. DEEDS.—*Validity.*—*Delivery.*—A deed, otherwise properly executed, is ineffectual to convey title until it has been either actually or constructively delivered.  p. 33.

2. DEEDS.—*Time of Delivery.*—*Presumption.*—Where a document purported to be a duly acknowledged deed, with regular evidence of its execution upon its face, is found in the hands of the grantee, or found upon the proper records, a presumption arises that it was delivered at the time of its date, or at some time prior to the date of its recording, which presumption is sufficient to make out a *prima facie* case of delivery.  p. 34.

3. DEEDS.—*Description.*—*Construction.*—Descriptions in deeds are construed with the utmost liberality, and the intent of the parties, if it can by any possibility be gathered from the language employed, will be effectuated.  p. 34.

4. EVIDENCE.—*Parol Evidence.*—*Description in Deed.*—Where the description given in a deed is consistent but incomplete, and its completion does not require the contradiction or alteration of that

given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. p. 34.

5. EVIDENCE.—*Parol Evidence.*—*Construction of Deeds.*—Extraneous and parol evidence is competent to apply the terms of a deed to the subject-matter. p. 35.

6. DEEDS.—*Description.*—*Construction.*—Where the description in a deed is consistent but incomplete, it is proper to read the deed in the light of surrounding circumstances at the time the deed was made. p. 35.

7. DEEDS.—*Construction.* — *Description.* — *Boundaries.* — Where a deed specifies a certain number of acres to be taken off of a certain side of a larger tract of land, it will be construed to mean that parallel lines shall fix the boundaries, though they are not mentioned. p. 35.

8. DEEDS.—*Description.*—*Construction.*—*Parol Evidence.*—Where a deed conveyed all of grantor's land, described as "The east half of the northwest quarter of the southwest quarter of section 34 in township 8 north of range 2 west, containing twenty (20) acres more or less, also sixty (60) acres of the east of the eighty (80) running north and south leaving twenty (20) acres on the west," the description of the sixty acres came within the rule that parol evidence was admissible to apply such description to the subject-matter, so that the conveyance was not void for uncertainty where there was sufficient evidence, in an action to quiet title to such tract, to warrant the trial court in finding that the sixty acres involved was the land intended to be conveyed by the deed. p. 35.

9. APPEAL.—*Review.*—*Judgment.*—*Failure to File Motion to Modify.*—In an action to quiet title, where the judgment was valid as to part of the land involved, the judgment for that reason must stand in the absence of a motion to modify. p. 37.

From Monroe Circuit Court; *Robert W. Miers,* Judge

Action by Florence Burkhart against Milford G. Koons and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Batman, Miller & Blair* and *East & East,* for appellants.

*James B. Wilson,* for appellee.

IBACH, J.—This is a suit by appellee to quiet her title to a certain tract of real estate and for the partition of another tract. The controversy and the questions presented on this appeal relate solely to the first tract, and our discussion will be so confined.

The first paragraph of complaint is in the ordinary form of a suit to quiet title, and the land is therein described as follows:

> "The following real estate situate in the county of Monroe and state of Indiana, to wit: The east half of the northwest quarter of the southwest quarter of section thirty-four (34) in township eight (8) north, in range two (2) west, also sixty acres bounded by parallel lines on the east end of the south half of the southwest quarter of section 34, township 8 north, range 2 west."

The second paragraph of complaint describes the same land described in the first paragraph, sets out the relationship of the parties, alleges that on November 10, 1900, the grantor was the owner of the land described; that on said date he executed the conveyance in question and put appellee in possession of the land; that ever since that date she has been in possession of the real estate, and has made valuable improvements thereon and paid all taxes; that by mutual mistake of the parties the said land was described in the deed as follows:

> "The following real estate in Monroe county, in the state of Indiana, to-wit: The east half of the northwest quarter of the southwest quarter of section 34 in township 8 north of range 2 west, containing (20) acres more or less. *Also sixty (60) acres of the east of the eighty (80) running*

> *north and south leaving twenty (20) acres on the west."* (Our italics.)

In this paragraph appellee asks that the deed be reformed and her title quieted. A general denial closed the issues. A trial by the court resulted in a general finding that appellee was the owner of the land described in her complaint and entitled to a decree quieting her title thereto. Judgment was rendered accordingly.

The error here relied on is the overruling of the appellants' separate motion for a new trial.

Appellants contend: (1) That there is an entire absence of legal evidence to support the finding, and therefore the finding is contrary to law. (2) The description of the sixty-acre tract, in the deed in suit, is void for uncertainty, and conveys no title to said real estate. (3) There was no proof of the delivery of the deed.

We will consider these contentions in their inverse order. At the trial appellee produced and read in evidence a duly acknowledged deed signed by Eli Koons, by which deed the land in dispute is purported to have been conveyed to appellee on November 10, 1900. Eli Koons, the grantor, died in August, 1904. There was no further evidence one way or the other of the delivery of the deed. Whether or not it was delivered to appellee by her father in his lifetime is left wholly to inference, and depends upon the presumptions which obtain upon the facts as they appear.

1. It is elementary that a deed, otherwise properly executed, is ineffectual to convey title until it has been either actually or constructively delivered.

"The rule is well established that where a docu-

ment purporting to be a duly acknowledged deed, with regular evidence of its execution upon its

2.  face, is found in the hands of the grantee, or if such a deed is found upon the proper records, a presumption arises that it was delivered at the time it bears date, or at some time prior to the date of its recording." *Scobey* v. *Walker* (1888), 114 Ind. 254, 257, 15 N. E. 674, 676, and cases cited; *Vaughan* v. *Godman* (1884), 94 Ind. 191; *Squires* v. *Summers* (1882), 85 Ind. 252; *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304. These presumptions, although rebuttable, were sufficient to make out a *prima facie* case of delivery.

The following principles of law are pertinent to appellants' second contention, *supra*:

"The general rule in regard to the construction of the description of the premises in a deed is one of the utmost liberality. The intent of the parties, if

3.  it can by any possibility be gathered from the language employed, will be effectuated." *Peck* v. *Mallams* (1853), 10 N. Y. 509, 532; *Warner* v. *Marshall* (1905), 166 Ind. 88, 107, 75 N. E. 582, 587. "It is not the office of a description to identify the land, but to furnish the means of identification." *Warner* v. *Marshall, supra,* and cases cited.

A rule often recognized in this state is that, where the description given in a deed is consistent but incomplete, and its completion does not require

4.  the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 106, 37 N. E. 355; *Indiana Central Canal Co.* v. *State* (1876), 53 Ind. 575, 591.

"It is thoroughly settled that extraneous and parol evidence is competent to apply the terms of a deed to the subject-matter." *Warner* v. *Marshall, supra; Elsea* v. *Adkins* (1904), 164 Ind. 580, 582, 74 N. E. 242, 108 Am. St. 320, and cases cited.

5.

Where the description in a deed is consistent but incomplete, it is proper to read the deed in the light of surrounding circumstances at the time the deed was made. *Scheible* v. *Slagle* (1883), 89 Ind. 323, 330; *Dawson* v. *James* (1878), 64 Ind. 162. In the case last cited it is said: "The descriptive part of a deed is to be construed with reference to the actual state of the property conveyed by it at the time of its execution, and the parties are supposed to refer to this for a definition of the terms made use of in the deed." See, also, *New England, etc., Wool Co.* v. *Standard Worsted Co.* (1896), 165 Mass. 328, 332, 43 N. E. 112, 52 Am. St. 516.

6.

Where a deed specifies a certain number of acres to be taken off of a certain side of a larger tract of land, it will be construed to mean that parallel lines shall fix the boundaries without mentioning them. *Collins* v. *Dresslar* (1892), 133 Ind. 290, 293, 32 N. E. 883.

7.

The principles are clear, but their application to a particular description is not always free from difficulty. The averments of the second paragraph of complaint that appellee's father, the grantor, was on November 10, 1900, the owner of the property described in the complaint; that on that date he executed the deed in controversy, and then and there put appellee in possession of the said real estate; that ever since that date she has been in

8.

possession thereof, and has made valuable improvements thereon and paid all taxes thereon, are amply supported by the evidence, which also shows that at the time of this transfer the grantor owned no other property.

It is not claimed by appellants that the description of the first twenty acres described in the deed is uncertain. With the twenty-acre tract out of the way, the only land left was the eighty-acre tract described in the complaint. The grantor owned no other land. Therefore the language of the deed, "the eighty" must necessarily have referred to the eighty acres in question, and that which was uncertain is made certain. The application of the remainder of the description, viz., "Sixty acres of the east of the 80 acres running north and south leaving 20 acres on the west," is not difficult. This would require but an additional line run across the eighty-acre tract parallel with and far enough west of the east line to contain sixty acres.

We conclude that the description of the sixty acres comes within the rule announced *supra,* and parol evidence was admissible to apply the description to the subject-matter, and the introduction of parol evidence made the question of identification one of fact for the trial court. *Symmes* v. *Brown* (1859), 13 Ind. 318, 321; *Warner* v. *Marshall, supra.*

There was evidence from which the court was warranted in finding that the land to which appellee sought to have her title quieted was the land intended to be conveyed by the deed.

Other questions relating to the right of reformation are not of controlling importance in view of the conclusions reached.

In any event, the judgment was valid as to the twenty acres, and for that reason, if no other, the judgment must stand in the absence of a motion to modify. *Millikan* v. *McAlpin* (1913), 181 Ind. 482, 483, 104 N. E. 855; *Guynn* v. *Wabash, etc., Trust Co.* (1912), 53 Ind. App. 391, 396, 101 N. E. 738; *Elijah* v. *Dowling* (1911), 49 Ind. App. 515, 519, 97 N. E. 551; *People's Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 300, 17 N. E. 570.

Judgment affirmed. Batman, J., not participating.

NOTE.—Reported in 119 N. E. 820. See under (1) 18 C. J. 196; (2) 18 C. J. 414; (5) 18 C. J. 277.