DANNER v. MARQUISS.

[No. 27,519. Filed April 21, 1941.]

442

*Cooper, Royse, Gambill & Crawford,* of Terre Haute, and *Simmons & Simmons,* of Bluffton, for appellant.

*Eichhorn, Gordon & Edris,* of Bluffton, for appellee.

ROLL, J.—Lorin C. Marquiss brought this action against Hiram Danner to recover damages for personal injuries alleged to have been sustained on the 7th day of April, 1937. The complaint was in one paragraph, to which the appellant filed his answer in general denial. The jury returned a verdict in favor of appellee, and appellant appeals assigning as the only error the overruling of his motion for a new trial.

Appellant earnestly insists that the evidence is not sufficient to sustain the verdict. The record discloses the following facts which are not in dispute:

On the 7th day of April, 1937, about 4:00 or 4:30 in the evening, appellee was walking north on the sidewalk along the west side of Clinton Street in the City of Fort Wayne, Indiana, about one-half block south of the intersection of Clinton Street with Esmond Street. At that time, and at said place, the appellant, who was engaged in the business of moving houses, was moving a dwelling house south on Clinton Street on rollers built for that purpose. The power being used was supplied by a tractor. The tractor pulled the house by means of a cable, which was about 100 feet in length; that the comb of the roof of the house was parallel with the sidewalk, one slope of the roof being to the east and the other to the west. A brick chimney protruded through the west slope of the roof, so that the east side of the chimney came up through the comb of the roof. Before moving the house, appellant had taken down the chimney to one or two inches below the comb of the house, but left the bricks on the west side protruding above the roof, but below the comb.

A line of poles carrying a telephone cable, and electric wires of two service companies, extended through the alley intersecting Clinton Street one-half block south of Esmond Street. In order to clear the way for the movement of said house, workmen in the employ of each of the utility companies, owning said cable and wires, were dispatched to the scene of activity here in question, in order to care for said wires while the house was being moved southward past said cable and wires. The telephone company's workmen lowered the telephone cable to the street, so that the trucks would pass over the cable. The electric wires were above the cable, and they were raised to furnish clearance for the house. Appellant had notified each of the companies to provide clearance, but appellant paid the men for doing the

work. In order to raise the service wires to afford clearance for the house, the workmen were stationed on the roof of the house, on the east side of Clinton Street, and some of them were on the line poles east of the house. They were thus stationed so that they could switch the wires as the house moved to the south. In switching the wires, one of the wires caught a brick of the chimney and dislodged it; the brick was thrown from two to three feet in the air, and it struck the roof, and from the roof descended to the sidewalk, striking appellee on the head, causing the injuries complained of.

The complaint charges several acts of negligence. It alleged that the appellee was injured by being struck with a brick, or other hard substance, which fell from the roof or chimney of the house. It was alleged that the house was being moved through the public highway in a careless, negligent and unlawful manner by the appellant; that the appellant permitted the bricks of said chimney to become loose; that the appellant carelessly and negligently failed to remove the bricks before proceeding along said street; that appellant moved said house along the street without first erecting any barricades or other means of protecting pedestrians from the danger that ordinary prudent persons would guard against under like circumstances. That the appellant did nothing to prevent said bricks, as he started to move said building, from becoming loose and falling from said chimney. That appellant knew said loose bricks might fall, or, with the use of ordinary care, should have known or anticipated the condition of said chimney and taken ordinary or reasonable precaution to remove said loose brick, or hard substance, thereby preventing said brick or hard substance from falling to the street or sidewalk.

Appellant contends that the theory of the complaint was that the appellant negligently permitted the brick to fall from the chimney of the house, while the evidence disclosed that the brick which struck appellee was hurled from the chimney by the negligent handling of the wires by the linemen who were in the employ of the public utility, and, therefore, there is a variance between the allegations of the complaint and the proof.

The evidence does show that the brick was dislodged from the chimney by the electric wires which were being manipulated by the service company's workmen, and that the brick was thrown upward from that point, and then made a downward descent and fell on the roof, and then off onto and against the appellee. We are not impressed with the argument of appellant, that because the brick was hurled upward before it started its downward descent, there was not a falling of the brick. In other words, appellant says that the evidence shows that the brick did not fall from the chimney and strike appellee. We think the brick fell in the sense that it made a downward descent and was precipitated to the sidewalk. The upward course of the brick was occasioned by the switching of the wires, but even so, the fact remains, that the brick did fall and strike appellee. As pointed out above, the complaint specifically charged negligence on the part of appellant in failing to use any means or take any steps for the protection of pedestrians which an ordinary, prudent person would have taken under the circumstances.

Appellant was present at the time the accident happened; he knew that the brick on the west side of the chimney extended above the roof of the house, and that the service wires would come in contact with that part of the chimney protruding above the roof, and that the

service companies' men in attempting to move their wires manipulated them by means of switching them. In so doing it is apparent that the wires were likely to catch the brick and hurl it from the chimney.

It was said in *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 519, 121 N. E. 655, 124 N. E. 737:

"From a consideration of the conditions and circumstances disclosed by the evidence, the jury was required to decide whether a person of reasonable prudence, occupying the position of conductor of the car, would have regarded it necessary or prudent, in the exercise of reasonable care for the safety of passengers, to give a signal or warning of the danger. If in the light of the evidence, the jury believed that the exercise of due care would have dictated such a precaution to a person of reasonable prudence so situated, then it was justified in finding that the conductor was negligent in failing to observe it; but, on the other hand, if the jury decided that the exercise of the reasonable care under the conditions and circumstances shown would not have dictated such a course to a person of ordinary prudence, then the appellant should have been acquitted of the charge of negligence. This presented a pure question of fact for the jury to decide, and it was not the province of the court, by any instruction or otherwise, to assume or indicate that the conduct of the defendant as disclosed by the evidence either did or did not measure up to the standard of care imposed by law."

So in the case at bar, from a consideration of the conditions and circumstances disclosed by the evidence, it was for the jury to say whether a person of reasonable prudence, occupying the position of appellant, would have regarded it necessary or prudent in the exercise of reasonable care for the safety of pedestrians, to have taken means of protecting them from danger by erecting barricades or other means which would have accomplished that end. It seems to us it is immaterial whether the wires were manipulated

by linemen in the employ of the service companies, or whether they were manipulated by men in the employ of the appellant. It was appellant's duty to use reasonable care for the protection of pedestrians rightfully using the sidewalk. One of the acts of negligence charged in the complaint was that appellant did not take reasonable precaution for the protection of pedestrians. It is true that other acts of negligence are charged in the complaint, but if the evidence is sufficient to prove any one of the negligent acts charged, we cannot disturb the verdict on the assignment that the verdict is not sustained by the evidence.

There is no contention in this case about contributory negligence. The only contention made by appellant is that appellee failed to prove any act of negligence charged in the complaint. It has been many times held by this court that it is the duty of the jury to determine, as a question of fact in each case, whether the conduct of the party on whom a duty rests, measures up to the standard of ordinary care as defined by the law. *Union Traction Co.* v. *Berry, supra.*

Where the facts in an action for negligence are disputed or equivocal, and different inferences can reasonably be drawn from them, the question of negligence must be determined by the jury under instructions of the court. *Shoner* v. *Pennsylvania Co.* (1891), 130 Ind. 170, 28 N. E. 616, 29 N. E. 775.

It was stated definitely in the case of *W. C. De Pauw Co.* v. *Stubblefield* (1892), 132 Ind. 182, 31 N. E. 796, that when a state of facts and circumstances exists from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed, while another man equally sensible and equally impartial would infer that proper

care had been used, and that there was no negligence, the question of negligence must be referred to the jury under proper instructions from the court. We think this is such a case. It was for the jury to determine whether the conduct of appellant was or was not negligence.

Appellant complains of instruction No. 16, given by the court on its own motion. This instruction told the jury that if it found from the evidence that the chimney on the dwelling house had not been removed to the roof, but that a part thereof extended above the roof, and that a brick loosened therefrom fell against and struck plaintiff's head, as alleged in the complaint, that it might take such fact or facts into consideration in determining whether the defendant was negligent. The objection urged to this instruction is that it is not applicable to the evidence in the case. Appellant says that the instruction assumes that there was evidence that a brick fell from the chimney of the house, which assumption was directly contrary to the facts proven. The evidence was that the brick was whipped or hurled from the chimney by the action of the linemen, by whipping and bouncing the electric wires about the chimney, and thereby hurled the brick which struck appellee.

As heretofore stated, we cannot agree with appellant's argument on this point. We think it of no controlling significance whether the brick was hurled upward before it fell, or whether it had been dislodged by movement of the house and fell. In either event, the brick fell upon appellee and caused injury. We think the instruction applicable to the facts.

Complaint is also made of instruction No. 14, which told the jury that if it found from the evidence that

the defendant, while in the act of moving a dwelling house over and upon Clinton Street in the city of Fort Wayne, Indiana, as alleged in the complaint, was guilty of one or more acts of negligence as charged in the complaint, which proximately caused the plaintiff's injury, if you find that he was injured, then I instruct you that the plaintiff is entitled to recover, unless you further find that plaintiff himself was guilty of negligence which proximately contributed to his injury.

Appellant says that this instruction is in conflict with instruction No. 4, which told the jury that the court had not attempted to embody all of the law of this case in one instruction, and therefore you must consider each instruction in this case with all of the other instructions given.

Appellant points out that instruction No. 14 is mandatory and left out one essential element, namely, all the other material allegations of the complaint. Even though the instruction was a mandatory instruction, we do not think it is in conflict with instruction No. 4. Instruction No. 14 embodies the essential elements to entitle plaintiff to recover, and the fact that it did not mention the amount of damages, such fact does not render the instruction erroneous or in conflict with instruction No. 4.

The only other instruction questioned in appellant's brief is the failure to give his requested instruction No. 1, which was a request for a directed verdict.

As pointed out above, we think the facts sufficient to go to a jury, and, consequently, there was no error in refusing to direct a verdict for the appellant.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 511.