DAUGHERTY *v.* HUNT.

[No. 16,699. Filed December 23, 1941. Rehearing denied January 22, 1942.]

266

*Russell J. Wildman,* of Peru, *Frank Plummer,* of Wabash, and *Earl B. Barnes, Hubert Hickam* and *Alan W. Boyd,* all of Indianapolis, for appellant.

*Herman N. Hipskind,* of Wabash, for appellee.

STEVENSON, J.—The appellee brought this action against the appellant to recover damages for personal injuries alleged to have been sustained by the appellee as a result of the negligence of the appellant.

The complaint alleged that on the 13th day of May, 1939, the appellant was the owner of a Buick automobile, the same having a coach type body, with a trunk compartment in the rear. The complaint alleges that on the day in question the appellant drove his automobile to a small garage in the vicinity, where he lived, and parked the same in front of the garage on a street having a slight upgrade. The complaint charges that the appellant negligently failed to apply his emergency brake, but left the car in gear. The appellant alighted from his car, raised the lid of the trunk, took from the compartment a jack, and asked the appellee to instruct him as to the proper use thereof.

The complaint alleges that in raising said trunk lid the appellant "carelessly and negligently failed to see that the two extending telescoping channel irons forming the support for said lid in a horizontal position were securely latched in a fixed position and carelessly and negligently permitted said lid to remain raised in a horizontal position without being securely supported, well knowing that said lid might fall and injure this plaintiff while this plaintiff was working at the rear of said automobile, in compliance with his said request." The complaint alleges that because of this negligence, and while the appellee was engaged in the work of operating the jack, the automobile rolled backward, and the appellee, in attempting to prevent this, was struck on the head when the lid of the trunk fell, from which blow he suffered serious and permanent injuries.

To this complaint, the appellant filed an answer in general denial. The case was submitted to a jury for trial, which returned a verdict in favor of the appellee in the sum of $7,500.00. Judgment was entered for this amount. A motion for new trial was filed and overruled, and this appeal has been perfected. The error relied upon for reversal is the alleged error in overruling the appellant's motion for a new trial.

Under this specification, the appellant contends, first, that the evidence in this case discloses no actionable negligence. In support of this contention, the appellant contends that he owed the appellee no duty on the occasion in question, and that the appellee, in doing what he did, was acting merely as a volunteer. In passing upon this question, our attention is directed to certain evidence as disclosed by the record which tends to show the relationship of the parties at the time of the injury. The evidence most favorable to the appellee discloses that, at the time the appellant drove his automobile to the garage, the appellee and one Robert Schlosser were engaged in working near the front of the garage. The appellant and appellee engaged in conversation with reference to his inability to operate the jack. The appellee said: "Where is your jack?" In response to this question, the appellant raised the lid of the trunk, secured the jack from the compartment and said: "I wish somebody would show me how to use it." With this statement he handed the jack to Schlosser, who proceeded to place it under the rear bumper. The appellee then called attention to its improper placement, and the appellee then placed it in a proper position. Schlosser began operating the jack and as the weight of the car was lifted, the car started moving backwards down the incline. The appellee sought to prevent this by pushing against the rear of the car,

and, while so doing, the trunk lid fell, striking him a severe blow on the head, and this caused the appellee's cheek to strike the bumper guard. As a result of this injury, the appellee became paralyzed in his left side.

The evidence further disclosed that prior to this accident the appellant had had trouble with the trunk lid, and that this lid when raised would remain open for a while and then fall, without its being touched or jarred, and without warning. The evidence further discloses that the appellant knew of this defect and condition prior to the day of the accident.

Under these circumstances, it is our opinion that the evidence was sufficient from which the jury might draw an inference that the appellee was invited by the appellant to assist in the work that was being done at the time of the injury. As such invitee, the appellant owed him a duty to have his automobile in a reasonably safe condition before he invited the appellee to work on or about it, and it was his further duty, under such conditions, to exercise reasonable care to protect him from injury. The rule of law which defines the duty resting upon the owner of premises toward persons who are induced to come thereon, by invitation, either express or implied, is well settled. This same rule of law has been extended and applied to owners of automobiles where known defective conditions therein have resulted in injury to another. *Moreas* v. *Ferry* (1933), 135 Cal. App. 202, 26 P. (2d) 886; *Saliba* v. *Saliba* (1928), 178 Ark. 250, 11 S. W. (2d) 774, 61 A. L. R. 1348; *Puckett* v. *Pailthorpe* (1929), 207 Ia. 613, 223 N. W. 254; *Marple* v. *Haddad* (1927), 103 W. Va. 508, 138 S. E. 113, 61 A. L. R. 1248. The rule is also well established that the owner of an automobile "must not in effect set a trap by knowingly and culpably exposing invitees to the risk created by a

known or obvious defect in the automobile." Cyclopedia of Automobile Law & Practice—Blashfield, Vol. 4, § 2333, p. 145. See also *Hennig* v. *Booth* (1926), 4 N. J. Misc. Rep. 150, 132 A. 294; *Mitchell* v. *Raymond* (1923), 181 Wis. 591, 195 N. W. 855. The appellant knew that the trunk lid on his automobile when opened would in all probability remain open for a time and then fall. It had done this on previous occasions. When left open with the safety catch inoperative, it was a dangerous condition. The prevention of this danger was the purpose for which the safety device was designed and intended. When the appellant called persons to the rear of his automobile and into close proximity to this elevated trunk lid for the purpose of having them assist him in work, it is our opinion that the appellant owed such persons a duty to exercise reasonable care for their protection against this danger. A like duty was recognized by this court as existing between the driver of an automobile and a licensee or guest at sufferance, prior to the adoption of our guest statute. *Munson* v. *Rupker* (1933), 96 Ind. App. 15, 148 N. E. 169, 151 N. E. 101. Whether or not the conduct of the appellant in this case measured up to the standard of ordinary care was a question for the jury to determine. *Danner* v. *Marquiss* (1941), 218 Ind. 441, 33 N. E. (2d) 511.

The appellant further contends that there can be no actionable negligence in this case for the reason that the injury which resulted was so peculiar, unusual and unexpected that it could not have been reasonably anticipated. The rule is well settled that,

". . . in determining whether an act or omission is or is not negligent, the question must depend on whether an injury of some kind to some person could reasonably have been expected to re-

sult from such act or omission. It has been well settled that reasonable care requires a person to anticipate and guard against what usually happens or is likely to happen, and that a failure to do this is negligence; but that reasonable care does not require him to forsee and guard against that which is unusual and not likely to occur, and a failure to do this is not negligence." *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 409, 97 N. E. 822.

In the Restatement of the Law of Torts, § 435, ▅▅▅▅ it is announced that:

"If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."

The question therefore presented is whether or not some injury to the appellee might have been reasonably anticipated, as a consequence of the appellant's neglect to securely fasten the trunk lid in its elevated position. Whether or not the particular injury suffered by the appellee is one of a class which was reasonably foreseeable, is a question of fact for the jury to determine. "It is the function of the jury to determine whether the defendant's act is a substantial factor in producing the injury of the plaintiff and whether such injury was reasonably foreseeable at the time of the defendant's misconduct." *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 413, 8 N. E. (2d) 993. While the particular injury suffered by the appellee in this case was indeed unusual in its seriousness, yet, it cannot be said, as a matter of law, that it is unreasonable to expect some injury to result from the falling of this trunk lid, when it is left unsecurely fastened. The exact nature of the injury suffered need not be anticipated. It is sufficient if some personal injury might reasonably have been expected to result as a consequence of the negligent act. *Cincinnati, etc., R. Co.* v.

*Armuth* (1913), 180 Ind. 673, 103 N. E. 738; *Evansville, etc., R. Co.* v. *Scott* (1918), 67 Ind. App. 121, 114 N. E. 649. Whether or not some injury to another ought reasonably to have been anticipated if a lack of ordinary care on the part of the appellant is found to exist, was essentially a jury question. *Danner* v. *Marquiss, supra.*

In connection with this question, the appellant also complains of the giving of instruction No. 19.

This instruction reads as follows:

"I further instruct you that one who delivers an article such as an automobile into the possession of another for the purpose of having such person do some work or act in respect to such property owes him the duty to exercise ordinary care in regard to the condition of the article so offered for doing such work and act, and the further duty to notify him of any latent condition therein which is known to the owner and is likely to result in injury to such person during the process of doing such work or act.

"I further instruct you that under the law the owner of property who invites or engages some other person to do some work or act in respect to such property, assumes the duty to warn such person of any danger or peril in the doing of such work or act which such owner knows of or ought as a reasonably prudent and careful person to know of, and of which the person invited to engage to do such work or act is not aware.

"If the owner negligently permits a dangerous condition to exist with respect to such property and the other person thereby proximately receives an injury while doing the work or act which he has been invited or engaged to do and without contributory negligence on his part, then and under such circumstances the owner is to be held responsible for such injury."

The appellant contends that this instruction is outside the issues formed by the pleadings, and it was, therefore, error to give the same. We cannot agree with this contention. The complaint charged as one of the acts of negligence that the appellant negligently and carelessly failed to securely latch the trunk lid in a fixed position after it was raised, and negligently permitted said lid to remain raised in a horizontal position without being securely supported, "well knowing that said lid might fall and injure plaintiff while the plaintiff was working at the rear of said automobile in compliance with his said request."

As we have heretofore said, we think the appellant owed to the appellee a duty, under the circumstances disclosed by this evidence, to exercise ordinary care to have his automobile in a reasonably safe condition for those whom he ought to have anticipated would be exposed to such danger; and if the appellant permitted the trunk lid to remain in a horizontal position unsupported, well knowing that said lid might fall, it was his duty to make known this dangerous condition to those who would otherwise be exposed thereto. We think the instruction given by the court was a fair statement of the law, applicable to the evidence, and was fairly within the issues raised by the pleadings.

The appellant further complains of the refusal of the court to give appellant's tendered instruction No. 9. By this instruction the appellant sought to inform the jury that ordinary care ebbs and flows with the danger to be fairly anticipated by a man of reasonable prudence; that where the danger anticipated is small, ordinary care required is not great, but where the danger is great, ordinary care may require the highest vigilance. While this instruction is a correct

statement of the law, we do not see that it was applicable to the issues and the evidence offered thereunder. The court, in its instructions, defined ordinary care, negligence, and contributory negligence; and from a consideration of all the instructions given, it is our opinion that the jury was sufficiently advised as to the degree of care which all parties were required to exercise on this occasion. It is our opinion, therefore, that the court did not err in refusing to give appellant's tendered instruction No. 9.

Complaint is also made of the refusal to give appellant's tendered instructions Nos. 3, 4, 5, 6, and 7. Instruction No. 3, as tendered by the appellant, deals with culpable negligence. Since degrees of negligence are not recognized in this State, we think there was no error in the refusal to give this instruction. Instructions Nos. 4, 5, 6, and 7, as tendered by the appellant, discussed the liability of the appellant, for injuries which could not reasonably have been anticipated. The subject-matter of these instructions was covered by the court's instructions Nos. 9 and 15. There was, accordingly, no error in refusing these instructions so tendered.

The appellant contends that the court erred in admitting in evidence, as an element of damages, the testimony of the appellee as to the reasonable value of farm labor, which he was compelled to employ because of his inability to work, as a result of this injury. The evidence discloses that the appellee was a farmer, operating a farm of 84 acres. He did all of the work incident to the operation of the farm prior to the accident, and after the accident he was compelled to employ help, because of his paralyzed condition, which rendered him unable to do farm labor. The court admitted in evidence testimony to the effect

that the reasonable value of the labor which he was compelled to employ was $12.00 per week. The appellant contends that this is not a proper element of damages for the jury to consider. The appellant concedes that if liability exists the appellee is entitled to recover compensation for all the losses which he has sustained, by reason of the injury, including compensation for his pain and suffering, for his loss of time, and for medical attendance and support during the period of his disability. It seems to us that the fair value of farm labor, such as the appellant performed, was proper for the jury to consider, in fixing a value upon the loss of time which the appellee sustained. This question was before the Supreme Court of Michigan, in the case of *Hunter* v. *Baldwin* (1934), 268 Mich. 106, 111, 255 N. W. 431, wherein we find this language:

"This court has said in an action for personal injuries to a man who owned and worked on his own farm:
" 'The true measure of plaintiff's loss is the value, in the open market, of the labor and services which he had been able to perform before the injury and was, thereafter, unable to perform.' "

See also *Elijah* v. *Dowling* (1912), 49 Ind. App. 515, 97 N. E. 551.

It is our opinion that the court committed no error in admitting in evidence the testimony of the appellee on this subject.

Complaint is made of the conduct of counsel in the closing argument, but we do not believe that the jury was prejudiced to any degree against the appellant by virtue of the conduct described. Neither do we think that the damages are excessive. The evidence discloses that the appellee, prior to the accident, was a strong able-bodied man, forty-eight years of age, and that he had an expectancy of twenty-two and

one-half years. As a result of this injury, he was paralyzed on his left side and permanently disabled. Under these circumstances, we do not feel that a verdict of $7,500.00 was excessive.

There was accordingly no error in overruling the appellant's motion for a new trial.

The death of the appellee having been suggested since the submission of this appeal, the judgment of the trial court is affirmed, as of the date of submission.

Judgment affirmed.

NOTE.—Reported in 38 N. E. (2d) 250.