No. 42,145

TRUE GARDNER, *Appellee*, v. VICTOR KOENIG and LESTER OBERHELMAN, *Appellants*.

(360 P. 2d 1107)

Opinion filed April 8, 1961.

*David H. Fisher*, of Topeka, argued the cause, and *C. Harold Hughes*, of Manhattan, and *Irwin Snattinger* and *Donald Patterson*, both of Topeka, were with him on the briefs for the appellants.

*John A. Bausch*, of Topeka, argued the cause, and *Charles D. Green*, of Manhattan, and *L. M. Ascough*, *E. Edward Johnson* and *Wayne T. Stratton*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for damages in which the plaintiff seeks to recover for personal injuries as a result of the alleged negligence of the defendants in turning a nervous and unruly cow into a sales ring unescorted and unattended. Appeal has been duly perfected from an order of the trial court overruling a demurrer to the plaintiff's third amended petition.

The only question actually presented for decision is whether or not the petition states sufficient facts to constitute a cause of action.

An action was filed by the plaintiff, True Gardner (appellee), against the defendants, Victor Koenig and Lester Oberhelman (appellants). Koenig was the owner and operator of the Koenig Sales Barn on U. S. 24 east of Manhattan, Kansas, and Oberhelman was the agent and employee of Koenig at the sales barn. The parties will be referred to as they appeared in the lower court.

The third amended petition alleges in substance that on May 15, 1958, as Superintendent of Rebekah I. O. O. F. Home, the plaintiff took some hogs to the Koenig sales barn, and as a part of the sale he was directed by an employee of Koenig to take vaccination certificates to the auctioneer in a box at the south end of the show ring. The third amended petition then alleges:

"8. Plaintiff states that while he was standing at the south end of the cattle show ring talking to the defendant Victor Koenig's auctioneer concerning the hogs vaccination certificates there was a cattle pen adjoining the southeast corner of the cattle show ring; that there was a nervous and unruly cow in said cattle pen weighing about 900 to 1000 pounds; and that while plaintiff was still in the ring and approximately six feet from the cattle pen gate with his back to the gate the defendant Lester Oberhelman, acting as agent and employee of the defendant Koenig, suddenly and without any warning to this plaintiff, opened the gate between the cattle pen and the cattle show ring letting the cow, which was unattended and without halter or other means of control, into said show ring where it immediately ran into and against the plaintiff knocking him to the ground and severely injuring him as hereinafter set out. . . :"

It then alleges the proximate cause of the plaintiff's injuries was the negligence of the defendants in turning the nervous and unruly cow into the show ring unattended and without rope or halter, when they knew or should have known the cow would be dangerous and cause injury to someone within the ring, including the plaintiff. Other specific acts of negligence are alleged with respect to each of the defendants.

The defendants rely on the general rule of law that the owner of a domestic animal not naturally vicious is not liable for injury done by it when it is in a place where it has a right to be, unless it is known by the owner to be vicious. (*McComas v. Sanders,* 153 Kan. 253, 109 P. 2d 482.)

The foregoing rule may be conceded, but it does not control the facts alleged in the third amended petition. In the first place, this suit is not against the owner of the animal but against the proprietor of a public sales barn.

The third amended petition alleges facts concerning the public nature of the defendants' business as a community sale, and the attendance of the plaintiff as a customer and patron in his legal status as an invitee. The plaintiff seeks to recover under the rule that an operator of a business or storekeeper, while not an insurer of the safety of his customers, is liable for injuries resulting from negligence on his part. (*Thogmartin v. Koppel*, 145 Kan. 347, 65 P. 2d 571; *Weaver v. Laundon*, 186 Kan. 551, 352 P. 2d 412; and authorities cited in these decisions.)

From the allegations in the third amended petition it is clear the cow was not led into the show ring with a halter, but was released from the pen and permitted to enter the ring unescorted, while the plaintiff was standing therein only six feet away with his back turned. In the *McComas* case the court held the facts alleged did not show any negligence on the part of the defendant, but great stress was laid on the fact that the defendant had ushered a horse into the show ring by a halter. There the court distinguished *Slaughter v. Sweet & Piper Horse & Mule Co.*, (Mo. App.) 259 S. W. 131, where mules were turned into a sales ring without halters or other means of control and were driven about by men using whips. (See, *Guthrie v. Powell*, 178 Kan. 587, 290 P. 2d 834; and *Bertram v. Burton*, 129 Kan. 31, 281 Pac. 892.)

In *Porter v. Thompson*, (Cal. Dist. Ct. of App.) 169 P. 2d 40, the plaintiff was a prospective purchaser of cattle at an auction sale being conducted by the defendant, and it was held the defendant had a duty to exercise reasonable care to maintain supervision, a reasonably safe enclosure, and seats for customers so they would not be injured by cattle attempting to escape the enclosure. In the opinion the court said:

". . . The question to be determined is, what would a reasonably prudent person be required to do, under such circumstances, for the protection of his invited customers. The fact that the defendants did not actually know that the particular cow in question was fractious, nervous or dangerous does not necessarily acquit them of negligence on that score. . . ." (p. 42.)

In *Thompson v. Yellowstone Livestock*, 133 Mont. 403, 324 P. 2d 412, the plaintiff brought an action for injuries sustained when struck by an unruly cow which climbed a barricade and fell upon the plaintiff as an invitee. The court held the complaint stated a cause of action where the allegations established a legal duty by the defendant to the plaintiff, failure to perform such duty, and dam-

ages proximately resulting in injury to the plaintiff from such failure. The court said it was the duty of the defendant to maintain such barrier of sufficient strength and height as to prevent animals, which had occasion to become frightened, from jumping over the fence and upon the patrons.

The Restatement of Law, Torts, § 518, *Comment g*, states the following rule:

"One who keeps a domestic animal which possesses only those dangerous propensities which are normal to its class is required to know its normal habits and tendencies. He is, therefore, required to realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and to exercise reasonable care to prevent foreseeable harm. . . ." (p. 39.)

We adopt the foregoing statement of the rule as sound law and controlling of the decision herein. The plaintiff was not required to allege the cow was naturally vicious, as contended by the defendants, to state a cause of action. It is not unreasonable to assume that the defendants should have anticipated some cows would become nervous, uncontrollable and resort to dangerous behavior when driven into a small enclosure, such as a sales ring, in the presence of numerous spectators where unfamiliar noises, commotion and confusion are encountered.

The third amended petition has plainly alleged a duty of the defendants to use due care for the safety of the plaintiff, failure to perform such duty, and damages proximately resulting in injury to the plaintiff from such failure.

On February 16, 1960, the plaintiff, True Gardner, died and this action has been revived in the name of his widow, Ora Gardner, as executrix of his estate, by order of the district court dated February 3, 1961.

The defendants mistake the function of a demurrer by attempting to raise questions which go beyond the allegations of the pleading under attack. Even assuming such questions were properly before the court, on the basis of the record here presented these additional points are not well taken.

The judgment of the lower court is affirmed.