Sol Wachtler, J.
This is an action wherein the infant plaintiff sues for personal injuries sustained as a result of an attack by a dog owned by the defendant. The second cause of action is brought by the mother of the infant for loss of services. The action was tried by the court without a jury and involved the issue of liability only.
The premises where the assault occurred was improved with a small business office located in one corner thereof. A sign *250 reading “ Beware of Dog” was placed on the building. A fence enclosed the entire property except on the side open to the street on which the property faced.
The infant plaintiff, who was 12 years of age at the time of the occurrence, testified that on the day in question, he used the property, which was about 50 feet in width and 100 feet in depth, as a short cut to his home. When he approached the rear of the property, he heard the defendant’s dog bark and shortly thereafter was bitten on the leg.
The plaintiffs claim that the defendant was negligent in that it knew the dog had vicious propensities and with such knowledge, it permitted the dog “ to be located in an area upon the defendant’s premises so as to be able to move without restraint and attack and bite persons near or adjoining defendant’s premises without being properly guarded, .restrained, or confined ”.
There is no dispute as to the fact that the dog was secured by a heavy chain approximately 12 feet in length. It is similarly conceded that this tether prevented the dog from going beyond the property of the defendant and that one of the facts which precipitated the incident was the trespassing of the plaintiff on this property.
Even if we were to assume the vicious propensities on the part of the dog, it is the opinion of the court that the owner acted in a reasonably prudent manner by posting signs and by chaining the animal within the confines of his property. The plaintiff was a trespasser and in the court’s opinion placed himself in a dangerous position which not only precipitated but invited the contact and subsequent injuries. Indeed it would appear from the evidence that because of the limitation of the chain length the plaintiff could have traversed defendant’s property without endangering himself.
The court does not suggest that the defendant owed no duty whatsoever to the plaintiff even as a trespasser; however, it is of the opinion that this duty was amply discharged by the posting of signs and the tethering of the animal.
Plaintiffs have failed to sustain the burden of proving negligence on the part of the defendant and accordingly the complaint is dismissed.