Ross H. Sork et ux. *v.* Taylor Bros., Inc.

[No. 371A53. Filed December 30, 1971.]

*Hickam & Hickam*, of Spencer, for appellants.

*Vernon J. Petri*, of Spencer, for appellee.

Staton, J.—This is an appeal from a jury verdict of Three Thousand Two Hundred Dollars ($3,200.00) for appellee, Taylor Bros., Inc., whose truck was damaged when it struck one of Ross H. Sork's heifers in the middle of the highway.

Harold Stantz was driving a Taylor Bros., Inc. dump truck loaded with stone west on State Highway No. 46 on April 13, 1970, at approximately 10:30 A.M. When he was approxi-

mately nine miles west of Spencer, Indiana, he observed two cows coming out of Sork's driveway. Harold Stantz blew his horn which caused one cow to turn around and go back into the driveway. The other heifer, weighing approximately six hundred (600) pounds, came toward him and the truck struck the cow in the middle of the road.

Ross H. Sork had left his farm about noon on Sunday, April 12 for Anderson, Indiana. He returned Monday, April 13, shortly after the accident. Sork kept eight head of cattle in the pasture. There was plenty of grass and the cattle had access to water at all times. This pasture had been used for approximately twenty (20) years. No question is presented here is to adequate fencing for the cattle. There was contradictory evidence as to whether the gate fastening was considered safe by other farmers in the area. The gate was fastened with a chain 18 to 24 inches long made of about 3/16th material. When the gate is closed, it is fastened by putting the chain through the gate and around the frame, then the gate is raised about 2 inches and the third link of the chain is hooked over the head of a 16-penny nail driven into the gate at an angle so that when the gate is released its weight keeps the chain tight. To unfasten and open the gate, it is necessary to lift it so the link of the chain can be lifted over the nail head. There was no evidence of damage to either the nail or chain. Sork testified that the gate between the pasture and the barn lot was closed and fastened before he left for Anderson at noon on April 12, 1970. He further testified that the driveway gates at the highway were closed when he left.

Appellant Sork contends that the court erred in giving Plaintiff's Instruction No. 2. This instruction is as follows:

"Ladies and Gentlemen of the jury, you are hereby instructed that there was in full force and effect, at the time of the collision in question, the following statute found in Acts of 1951, Section 502, Ch. 80, Burns' Indiana Statutes § 16-1722:

'No owner or person responsible for any domestic animal shall permit such animal to run at large. [']

If you find from a preponderance of the evidence that the defendants or either of them violated the statute on the occasion in question, such conduct would constitute negligence on the part of defendants."

It is Sork's contention that there is no evidence that he permitted the cattle to run at large. He further contends that he had no constructive knowledge that they were about to enter upon the highway and therefore the instruction is erroneous.

Taylor concedes that Sork did not have actual knowledge but contends that: "* * * Sork was negligent in constructing and maintaining said gates, and the water gap, directly and foreseeably resulted in said 'running at large' and the concurrent collision." He further contends that Sork's negligence: "* * * charges Sork with constructive knowledge of circumstances which would lead to prohibited activity (i.e. "running at large"), fits the definition of the word 'permit' as used in the statute contained in this instruction, and supports the finding that Sork 'permitted' the heifer to run at large."

Our examination of page 49 of the transcript discloses that Taylor used Indiana Pattern Jury Instruction § 15.01 for his Plaintiff's Instruction Number Two (2). This is a negligence *per se* instruction form.[1]

The statute referred to and set forth in Plaintiff's Instruc-

---

1. We find the following comments to Indiana Pattern Jury Instruction § 15.01:

"Generally, under Indiana law, the violation of a statute or ordinance which creates a duty to certain classes or persons is negligence as a matter of law or negligence per se, to those persons the law is designed to protect. *Prest-O-Lite Co.* v. *Skeel*, 182 Ind. 593, 106 N. E. 365 (1914); but, negligence *per se* does not necessarily mean liability *per se* since the element of proximate cause must still be proved.

tion No. 2 is IC 1971, 15-2-4-21; Ind. Ann. Stat. § 16-1722 (Burns 1964), and reads as follows:

"No owner or person responsible for any domestic animal shall permit such animal to run at large."

This statute was enacted in 1951. Its predecessor had much the same language but was more specific. The present act is more general and all inclusive. Instead of: "* * * horses, mules, cattle, sheep, goats or swine, * * *", it encompasses: "* * * any domestic animal * * *." In our discussion of this statute we are primarily concerned with the words: "* * * permit * * *" and "* * * to run at large * * *." This language and phrasing appears in both the old and new versions of the statute. The repealed statute is as follows:

"It shall be unlawful for any person owning or harboring horses, mules, cattle, sheep, goats or swine to permit such horses, mules, cattle, sheep, goats or swine to run at large upon any highway of this state or to wander upon, feed upon or pasture upon the lands of another. Any person violating the provisions of this act shall on conviction be fined in any sum not exceeding twenty-five dollars and each day said horses, mules, cattle, sheep, goats or swine are permitted to run at large or permitted or allowed to feed upon or pasture upon the lands of another, shall be a separate offense."

In *Corey* v. *Smith* (1954), 233 Ind. 452, 120 N. E. 2d 410, our Supreme Court in a decision written by Judge Emmert stated regarding the language in the repealed statute:

"It is obvious the purpose of this statute is not only to protect persons and property off the highways, but also to protect persons on the highways, and their property. Violation of such a statute is negligence *per se*." (Citing cases.)

*New York Cent. R. R.* v. *Glad*, 242 Ind. 450, 179 N. E. 2d 571 (1962)." In addition to this comment we find the following additional comment: "It has been held that violation of certain statutory requirements creates an absolute duty and constitutes negligence *per se*." *Flares: Winder & Son, Inc.* v. *Blaine*, 218 Ind. 68, 29 N. E. 2d 987 (1940); *Gerlot* v. *Swartz*, 212 Ind. 292, 7 N. E. 2d 960 (1937).

In *Leek* v. *Lumpkin* (1967), 141 Ind. App. 153, 226 N. E. 2d 913, this court said:

> "A proper construction of 'permit' in this context is actual or constructive knowledge of circumstances which would foreseeably lead to prohibited activity."

The interpretation of: "* * * to run at large * * *" under the present statute presupposes actual or constructive knowledge that the animal is no longer confined within an enclosure. In *Stephenson* v. *Ferguson* (1892), 4 Ind. App. 230, 231, 30 N. E. 714, this court in interpreting the language of the repealed statute stated:

> "It has been settled that animals which escape from an enclosure in which they have been placed for the purpose of confining them, and which the owner, when he learns of their escape, endeavors to recover, can not be regarded as animals 'running at large,' * * *"

Again in *Wolf* v. *Nicholson* (1891), 1 Ind. App. 222, 27 N. E. 505, this court in interpreting the language of the repealed statute stated:

> "Animals which escape from an enclosure wherein they have been placed by their owner for the purpose of confining them, and which he endeavors to recover when he learns of their escape, can not be regarded as animals running at large within the meaning of this statute." *Wolf, supra,* 1 Ind. App. at 223.

Therefore, we hold under the present statute that there cannot be a running at large without actual or constructive knowledge on the part of the owner that such animals are outside their intended enclosure. We find no evidence of actual or constructive knowledge that Sork permitted the cattle to leave their enclosure. The argument of the appellee is untenable. Animals running loose outside of an enclosure are not necessarily animals which have been permitted to run at large under the statute. Before the statute can be applied, there must be evidence or a reasonable inference therefrom

that the owner of the animals had either actual or constructive knowledge that his animals were outside of the enclosure and beyond his immediate control. We find no evidence in the record that Sork knew or should have known that his cattle were outside of their enclosure during his absence in Anderson, Indiana.

Plaintiff's Instruction No. 2 speaks of a violation of an absolute duty not to permit domestic animals to run at large. In *Board of Commissioners of Miami County* v. *Klepinger* (1971), 149 Ind. App. 377, 273 N. E. 2d 109, this court emphasized:

"When we speak of a civil negligence 'violation' in an instruction to a jury, we are speaking of the violation of a specific requirement, specific commission or omission of an act or a single issue of fact. 'Violation' may be addressed to an absolute duty imposed by law or a positive and definite standard of care. These statutory categories are sometimes characterized as showing negligence as a matter of law or 'negligence *per se.*' * * *

The difference between negligence and negligence *per se* when it is a question for the jury is the means and method of ascertainment. * * *
* * * * *

"* * * A layman serving on a jury would not be able to determine whether a statute can be 'violated' as a matter of law without some further instructions and we find none. Certainly, we cannot assume that a layman on a jury appreciates the distinction between negligence and negligence *per se* without having the difference explained to him in a simple and comprehensible manner. The word 'violate' is a strong and over-powering word when used in an instruction with a statute. Unexplained, it can lead to confusion, misinterpretation and a misstatement of the law."

We find no evidence in the record that Sork had actual or constructive knowledge that his cattle were out of their enclosure. The statute cited in Plaintiff's Instruction No. 2 sets forth an absolute duty which if proven is negligence *per se.* If the violation of the absolute duty set forth in Plaintiff's Instruction No. 2 had been proven, there would have been little

need to present all of the evidence concerning the gate, latching device and its dependability. This evidence was presented upon a theory of negligence, not negligence *per se*. Taylor Bros. did not develop evidence to justify the application of the statute. The giving of Plaintiff's Instruction No. 2 was error.

The judgment of the trial court should be and the same hereby is reversed with the instructions to grant appellants' motion for new trial.

Hoffman, C. J. and White, J., concur; Sharp, J. dissents without opinion.

NOTE.—Reported in 277 N. E. 2d 5.