**IRVING MATERIALS, INC., Appellant (Defendant below),**

v.

**Donald CARMODY, Kathy Carmody, Williams Downs, Glenna Downs, Carl Maddox, Gertrude Maddox, Margaret Grice, Appellees (Plaintiffs below).**

No. 2-1081A337.

Court of Appeals of Indiana, Second District.

June 28, 1982.

Rehearing Denied Aug. 23, 1982.

Sidney E. McClellan, Muncie, for appellant.

John M. Blevins, Anderson, for appellees.

SHIELDS, Judge.

Defendant-Appellant Irving Materials, Inc. appeals a trial court award of damages to Plaintiffs-Appellees of $11,645.44. Irving Materials raises two issues on appeal:

1) Whether the award is contrary to law, and

2) Whether the evidence is sufficient to support the award.

We reverse.

Irving Materials owns and operates a gravel pit on land near the lands of the seven appellees. During full operation, Irving Materials continuously pumps off twelve feet of water in the pit, discharging it into a nearby stream. Seven or eight wells in the area went dry a few months after the pump began operating. Plaintiffs-Appellees dug new wells at their own expense. They unsuccessfully sought injunctive relief and successfully sought damages in the form of reimbursement for their well digging expenses.

The first issue concerns itself with whether the award of damages is contrary to law. The trial court, *sua sponte*, made specific findings as allowed under Ind. Rules of Procedure, Trial Rule 52. Thus, the standard of review must be the standard prescribed in T.R. 52(A) which states the judgment will be set aside only if clearly erroneous. *See Cox v. Ubik*, (1981) Ind. App., 424 N.E.2d 127.

The trial court found Irving Materials' use of its land was reasonable[1] under the reasonable use doctrine that is the controlling rule in Indiana. *Gagnon v. French Lick Springs Hotel Co.*, (1904) 163 Ind. 687, 72 N.E. 849. Consequently, it denied the injunctive relief sought by the plaintiffs. Nevertheless, the trial court's judgment awarded damages to these same plaintiffs.[2]

---

1. "The defendants on the other hand are reasonably using their property in the business pursuit of maintaining a gravel pit and in said reasonable operation are pumping off water from their pit to reduce the water level so that their mining operations are economically feasible."
Record at 71.

2. The trial court explained its action as follows:
"The Court further finds that the defendants shall be required to compensate the plaintiffs for their expenses involved in having to drill new wells in order to secure water for domestic use which was necessitated by the lowering of the water table because of the pumping operations of the gravel pit. To rule otherwise would place an unde [sic] hardship and burden on the plaintiffs to the advantage of the defendants. To rule otherwise would put the plaintiffs in the position of partially financing the successful operation of the gravel pit, without gaining any of the benefit of said business success. The plaintiffs would be involuntary economic partners with the defendants, paying for the natural consequences of the pumping operation without reaping any of the benefits to the defendants that would follow from the continued successful operation of their business. The Court finds that it would be more appropriate to assess the expenses in drilling new wells to the defendants as a business cost to the defendants that could be best born [sic] by them and that could be passes [sic] on to its customers in a more equitable fashion than to be absorbed by the innocent

As the reviewing court, we are bound to apply the law correctly to the findings of the trial court. *Brokus v. Brokus*, (1981) Ind.App., 420 N.E.2d 1242. Here the trial court found Irving Materials' use of its land to be reasonable and, therefore, lawful. The law does not award damages where no legal wrong is found. We hold the trial court's judgment awarding damages is directly opposite the correct conclusion, clearly erroneous, and contrary to law. *Hartwig v. Brademas*, (1981) Ind. App., 424 N.E.2d at 122, 124.

We are not saying the plaintiffs-appellees were not damaged, but it is *damnum absque injuria.* They simply have not suffered legal wrong. *See Barnard v. Shirley*, (1898) 151 Ind. 160, 47 N.E. 671 (same factual situation with similar holding).

Having disposed of the case on the first issue, we need not address the second issue of sufficiency of the evidence.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.

plaintiffs whose only involvement in the process was that they happened to live over the same underground water that had an adverse affect [sic] on the defendants' mining operation."
Record at 71–72.