David ALFANO, Defendant-Appellant,

v.

Paul STUTSMAN, et al.,
Plaintiffs-Appellees.

No. 4–1083A364.

Court of Appeals of Indiana,
Third District.

Dec. 5, 1984.

Robert D. Lee, South Bend, for defendant-appellant.

Darrell J. Hiatt, Elkhart, for plaintiffs-appellees.

GARRARD, Judge.

The appellees have filed a petition for rehearing asserting that our decision herein misconstrued the findings of the trial court and that taken as a whole the findings disclose that while the requisite viciousness to impose strict liability was not proved, the necessary knowledge to impose liability for negligence was established. The argument is in error partially because it proceeds upon the premise that strict liability arises when the owner or keeper of a dog has knowledge of its dangerous propensities. Regrettably our opinion lends some credence to the argument because in dictum we acknowledged that recovery might be had on the basis of strict liability where the owner knew the dangerous propensity of his dog. This was in error. In *Doe v. Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688, 694 the court was quite specific: "We would further emphasize that these rules of liability are based upon negligence and not strict liability." We agree with that statement of the

law. Accordingly, we vacate our original decision, 468 N.E.2d 609, and grant rehearing.

David Alfano owned a large dog which he kept chained in his unfenced yard so that the dog could not reach closer than two feet to the sidewalk. The dog would often bark at passersby, especially bicycle riders, and lunge against his chain. There was, however, no evidence that the dog had ever bitten or attempted to bite anyone. Indeed, the evidence disclosed that neighbors would quiet the barking dog by speaking to it and they would walk up to the dog and pet it while it sat quietly.

On June 6, 1981, Paul Stutsman, age six, walked up to the dog to join his four year old brother who was petting the dog while the boys' mother watched from a few feet away. The dog jumped up on Paul and scratched and bit him causing him to lose a portion of an ear.

Stutsmans' ensuing suit was tried to the court and special findings were requested and entered pursuant to Indiana Rules of Procedure, Trial Rule 52. The trial judge found that Alfano had no reason to reasonably believe the dog was dangerous. However, the court additionally determined that, applying a "simple negligence" standard, Alfano did not exercise reasonable care because he should have "foreseen and appreciated the propensity of all dogs to be dangerous in certain circumstances and that large dogs who continually bark and snarl at people, even though generally harmless and generally playful, may nonetheless become dangerous if suddenly surprised, or if approached by someone with respect to whom the dog may have incurred a particular antipathy ...." The court concluded that Alfano breached this duty of care by failing to sequester the dog so as "to prevent young children from innocently trespassing and attempting to play with it and exposing themselves to the risk of harm should the dog's temper at the moment go awry."

Accordingly, the court found for the plaintiffs and awarded judgments totalling $18,773.00.

■ The evidence sustains the court's finding that Alfano had neither actual nor constructive knowledge that the dog was dangerous. We agree with the judge's further statement of the law to the effect that even in the absence of such knowledge the owner or keeper of animals may become liable for damages they cause where the owner or keeper is otherwise negligent in the manner of their keeping and control. *Weaver v. National Biscuit Co.* (7th Cir. 1942), 125 F.2d 463; *Eichel v. Senhenn* (1891), 2 Ind.App. 208, 28 N.E. 193. *See also* Prosser, *Law of Torts* (4th Ed.) at 502. In such cases it is said that the owner or person in control is bound to take note of the natural propensities of the type and breed of animal in question. *Dyer v. Noll* (1938), 105 Ind.App. 241, 14 N.E.2d 760 (overruled in part).

Most such cases have involved large animals which have either escaped their confines to cause damage, or have become excited and trampled someone. *See, e.g., Weaver v. National Biscuit Co., supra* (horse trampled a child); *Sork v. Taylor Bros.* (1971), 150 Ind.App. 626, 277 N.E.2d 5 (truck struck cow on highway); *Drew v. Gross* (1925), 112 Ohio St. 485, 147 N.E. 757 (automobile struck horse which had gotten onto highway); *Gardner v. Koenig* (1961), 188 Kan. 135, 360 P.2d 1107 (cow turned loose into sales ring). We have found one such case involving a dogbite.

In *McAbee v. Daniel* (1968), 60 Tenn. App. 239, 445 S.W.2d 917 the Tennessee Court of Appeals affirmed a judgment for the plaintiffs where a dog at a soap box derby knocked down a small child (one of the plaintiffs) and bit her. The dog was on a leash at the time and its owner undisputedly had no prior knowledge of any vicious tendencies on the part of the dog. Noting that there was a large crowd in the area with loud noise and attendant excitement, that a police officer had expressly warned the owner to keep close control of the dog and, in addition, finding that the evidence sustained the conclusion that the defendant had the opportunity to restrain the dog *after* it knocked the child down *and before* it bit her, the court affirmed. The owner was bound to know the possibility that the dog might become excited or confused under the circumstances and was bound to use reasonable care to prevent the mishap.

■ In Indiana we have defined reasonable care as requiring

"... a person to anticipate and guard against what usually happens or is likely to happen, and that a failure to do this is negligence; but that reasonable care does not require him to foresee and guard against that which is unusual and not likely to occur, and a failure to do this is not negligence."

*Daugherty v. Hunt* (1941), 110 Ind.App. 264, 38 N.E.2d 250, 253, citing *Cleveland, etc. R. Co. v. Clark* (1912), 51 Ind.App. 392, 97 N.E. 822, 829.

■ Under our common law all dogs, regardless of breed or size, are presumed to be harmless, domestic animals. *Royer v. Pryor* (1981), Ind.App., 427 N.E.2d 1112. This presumption is overcome by evidence of a known or dangerous propensity as evidenced by specific acts of the particular animal. *Doe v. Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688, 694. When such is the evidence a duty arises for the owner or keeper to use reasonable care to prevent the dog from biting someone. *Doe, supra.*

■ When negligence is claimed, in the absence of evidence that the owner knew or should have known of a vicious tendency, the rule is simply that the owner of a domestic animal is bound to know the natural propensities of the particular class of animals to which it belongs. If these propensities are the kind which might be reasonably expected to cause injury, the owner must use reasonable care to prevent the injuries from occurring. *Dyer v. Noll, supra.*

■ As found by the trial court, the evidence is inconclusive regarding the dog's vicious propensity in the present case. While the dog barked and lunged at people, it also quieted when spoken to and submitted to petting. In addition, the trial court found Alfano had not been aware of

any acts by the dog which would make it reasonable for him to believe the dog was dangerous. Nevertheless, the trial court found Alfano negligent because he should have foreseen the propensity of all dogs to be dangerous in certain circumstances, e.g., when surprised, and failed to use reasonable care to prevent injuries to others.

■ We are bound to apply the law correctly to the findings of the trial court. *Irving Materials, Inc. v. Carmody* (1982), Ind.App., 436 N.E.2d 1163. The imposition of liability was erroneous because the common law presumption that a dog is harmless was not overcome and the dog was confined to its own yard. To impose liability in these circumstances, i.e. a dog bite inflicted on a person who surprises a dog, which is quietly sitting while being petted by another person, and while it is confined to the owner's premises, is contrary to our law. Even where the court has found a dog to have a known vicious propensity in a claim brought under a negligence theory, it has not imposed liability where the owner has restrained the dog with a chain. *Woodbridge v. Marks* (1897), 17 App.Div. 139, 45 N.Y.S. 156, or where a twelve year old trespasser was bitten, the dog was chained and a "Beware of the Dog" sign was posted, *Weber v. Bob & Jim, Inc.* (1969), 59 Misc.2d 249, 298 N.Y.S.2d 854. In both circumstances the courts found that the owner was acting in a reasonably prudent manner. Alfano had restrained his dog on a chain so that it could not reach the sidewalk and had posted a "Beware of the Dog" sign on the garage. Under the circumstances, Alfano's duty to use reasonable care was discharged by his restraining the dog and posting a warning sign. He had taken reasonable precautions against what might be usual or likely to happen according to the general propensities of dogs.

The judgment is reversed with instructions to enter judgment for the defendant.

STATON, P.J., and HOFFMAN, J., concur.