Ruth Ann **PETTERY**, Appellant (Plaintiff Below),

v.

Brenda **GROFF**, Appellee (Defendant Below).

No. 2–185A11.

Court of Appeals of Indiana, Second District.

April 23, 1986.

Don P. Campbell, Covington, for appellant.

John W. Barce, Fowler, for appellee.

SHIELDS, Judge.

Plaintiff Ruth Ann Pettery brought an action for personal injuries sustained when she fell out an automobile driven by defendant Brenda Groff. The trial court granted summary judgment for Groff on the basis the guest statute barred a negligence action against Groff. Pettery appeals, claiming she was being transported for pay and thus is outside the guest statute.[1]

We reverse and remand.

■ Summary judgment is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In determining a motion for summary judgment, contents of pleadings, depositions, answers to interrogatories, admissions and affidavits must be liberally construed in favor of the opponent, resolving any doubts against the moving party. *Blankenbaker v. Great Central Ins. Co.* (1972), 151 Ind.App. 693, 281 N.E.2d 496. Even if the basic facts are not disputed, summary judgment is not proper when the information before the court reveals a good faith dispute regarding the inferences to be drawn from the facts. *Liebner v. Dobson* (1985), Ind.App., 474 N.E.2d 1039.

Brenda Groff was employed by Richard and Lucy Pettery as a live-in babysitter. The Petterys were both employed full-time at a restaurant. Groff was furnished room, board, and a salary of $15.00 per week payable each Friday for her services. Groff's primary responsibility was to care for Ruth Ann, the Pettery's six year old daughter. Ruth Ann attended school in the afternoon, but Groff was responsible for Ruth Ann during the morning hours.

On March 12, 1982, around 9:00 a.m., Groff called Lucy Pettery at the restaurant where she was employed and asked for her weekly salary. Lucy Pettery assented, and Groff, with Ruth Ann accompanying her, traveled to the restaurant in her boyfriend's car. Lucy Pettery gave Groff the Petterys' wage checks, together with a deposit slip, and told Groff to go to the bank, deposit an amount in the Petterys' account and return the balance in cash so Groff could be paid. Groff left for the bank, once again accompanied by Ruth Ann. After the deposit was made and the cash obtained at the bank's drive-up window, Ruth Ann fell out of the car and Groff drove over Ruth Ann's left hand.

Ruth Ann filed suit against Groff on July 29, 1983, alleging Groff was negligent. Groff subsequently filed a Motion for Summary Judgment which the trial court granted.

Groff's theory is Ruth Ann was a guest within the meaning of the guest statute and thus is precluded from bringing an action against Groff predicated upon ordinary negligence. The Indiana Guest Statute, Ind.Code Ann. § 9–3–3–1 (Burns Repl. 1980)[2] eliminates negligence as a basis of liability where an action is brought against a host automobile operator by a guest passenger:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor

1. Alternatively, Pettery claims at the time of the accident she was a six year old child who was *non sui juris* and therefore incapable of giving her consent to be a guest. Because we base our reversal of the trial court's decision on Pettery's first argument, it is unnecessary for us to address this issue.

2. The Indiana Guest Statute was amended in 1984 and now protects the automobile driver from liability for negligence only when the injured passenger is his parent, spouse, child or stepchild, brother, sister, or a hitchhiker. Ind. Code Ann.Sec. 9–3–3–1 (Burns Supp.1985).

vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or willful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

Groff argues her trip to the bank was outside the scope of her duties as babysitter and was done as a favor to Richard and Lucy Pettery. Thus, according to Groff, she received neither compensation nor benefit for making the trip, and, therefore, Ruth Ann was a guest at the time she sustained injury.

We disagree. Any debate over Ruth Ann's status in the vehicle is a red herring. The fact of the matter is Groff was undisputedly serving as a paid babysitter at the time Ruth Ann sustained her injury and thus the guest statute never comes into consideration.

Groff was employed to provide care for Ruth Ann in the mornings until Ruth Ann's afternoon school commenced. As such, Groff had the duty to exercise ordinary care on behalf of the child in her paid custody. *See Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701; 65 C.J.S. *Negligence* Sec. 63(60) (1966). Whether or not Groff went to the bank as a personal favor to the Petterys, she continued to have the duty to exercise ordinary care on Ruth Ann's behalf. That duty continued so long as Ruth Ann was in her charge and wherever that might be, including in a vehicle. At the time of the injury, Ruth Ann undisputedly was in Groff's custody in the course of Groff's employment as Ruth Ann's babysitter. The mere fact they were in a vehicle in no way impacts upon Groff's continuous duty of reasonable care. Accordingly, as a matter of law, Groff owed Ruth Ann the duty of reasonable care.

The trial court erroneously granted Groff's motion for summary judgment. Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.