(728 P.2d 407)

No. 58,864

Douglas B. Miller, *Appellee,* v. Chester W. Anderson, *Appellant.*

Opinion filed November 20, 1986.

*John Lundgren* and *Eldon L. Boisseau,* of Turner and Boisseau, Chartered, of Wichita, for appellant.

*John B. Klenda,* of Flory, Karstetter, Flory & Klenda, of McPherson, for appellee.

Before Brazil, P.J., Paul W. Clark, District Judge, assigned, and Page W. Benson, District Judge, assigned.

Benson, J.: Chester W. Anderson appeals from a jury verdict assessing $12,239.94 in damages as a result of injuries sustained when his dog bit Douglas B. Miller.

On January 2, 1985, Miller, an investigator with the McPherson Police Department, responded to a report of an injured dog in front of a local convenience store. The dog, a large black Labrador retriever, had been hit by a vehicle but appeared to be calm. Miller placed the dog in the trunk of his police car, drove the dog to a veterinary clinic, and carried it into the examination room. As Miller lifted the dog onto the examination table, the dog's left rear leg caught on the table. The dog, which had suffered a broken pelvis, reacted to the resulting pain by biting Miller's nose, almost severing it from his face. The dog died the following day as a result of his injuries. Subsequently, Anderson was charged and pled guilty to allowing his dog to run at large in violation of a city ordinance.

On March 21, 1985, Miller filed suit against Anderson, alleging that he suffered damages as a result of Anderson's negligence in allowing his dog to run at large. At trial, the parties agreed that the dog did not have dangerous propensities. The jury assessed

seventy percent of the fault to defendant, fourteen percent to plaintiff and sixteen percent to the City of McPherson. Plaintiff's damages were found to be $17,485.63, which left him a judgment of $12,239.94. Defendant appeals.

Defendant first contends that plaintiff did not state a claim upon which relief could be granted because he failed to demonstrate that the dog had vicious propensities which were known to its owner. This position is not inconsistent with Kansas law. In *Henkel v. Jordan*, 7 Kan. App. 2d 561, 644 P.2d 1348, *rev. denied* 231 Kan. 800 (1982), the court noted:

"Liability in animal cases, as in all negligence cases, is based on the 'fault' of the animal owner. If the animal is not vicious, or is not known to be vicious, its owner cannot reasonably be found blameworthy if the animal unexpectedly injures someone. Foreseeability of injury is an essential ingredient of negligence." 7 Kan. App. 2d at 563.

However, the general rule was stated somewhat differently in *Gardner v. Koenig*, 188 Kan. 135, 360 P.2d 1107 (1961). "The defendants rely on the general rule of law that the owner of a domestic animal not naturally vicious is not liable for injury done by it when it *is in a place where it has a right to be,* unless it is known by the owner to be vicious. (*McComas v. Sanders*, 153 Kan. 253, 109 P.2d 482 [1941].)" (Emphasis added.) 188 Kan. at 136. In the present case, the city ordinance made it clear that defendant's dog had no "right" to be running loose in the streets. The fact that plaintiff's injury took place in the veterinary clinic and not on a city street does not seem sufficient to alter defendant's liability.

The *Gardner* court's recognition that even ordinarily gentle animals are likely to be dangerous under certain circumstances is particularly applicable to the case at hand. It is not unreasonable to assume that a dog allowed to wander in a city could become vicious with strangers or could be injured and become vicious in response to pain. We, therefore, conclude that an owner should realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and, since negligence is a question of fact for the jury, the trial court did not err in denying defendant's motions and allowing the case to proceed to the jury.

Defendant next contends that violation of the city ordinance was not the proximate cause of plaintiff's injuries as a matter of

law and that plaintiff's actions were an intervening and superseding cause which broke the chain of causation.

In *Schmeck v. City of Shawnee*, 232 Kan. 11, 651 P.2d 585 (1982), the court noted that "negligence, contributory negligence and proximate cause are all issues to be determined by the jury. *Popejoy Construction Co. v. Crist*, 214 Kan. 704, Syl. ¶ 1, 522 P.2d 180 (1974); *Portwood v. City of Leavenworth*, 6 Kan. App. 2d 498, 502, 630 P.2d 162 (1981)." 232 Kan. at 27. The trial court properly instructed the jury regarding negligence, violation of duty, and intervening cause.

Affirmed.