**Saria VETOR, a minor, by Next Friend Pamela WEESNER, Appellants–Plaintiffs,**

v.

**Robert A. VETOR, John Charles Vetor, and John Robert Vetor, Appellees–Defendants.**

No. 18A05–9308–CV–298 [1].

Court of Appeals of Indiana, First District.

May 4, 1994.

---

1. This case was transferred to this office March 16, 1994 by direction of the Chief Judge.

Joe Keith Lewis, Fishburne, Lewis & El-
liott, Marion, for appellants.

Mary K. Reeder, Laura K. Taylor, Riley
Bennett & Egloff, Indianapolis, John M.
Feick, Cross, Marshall, Schuck, Deweese
Cross & Feick, P.C., Muncie, for appellees.

ROBERTSON, Judge.

Saria Vetor appeals the entry of summary judgments in favor of her grandfather, defendant John Robert Vetor, and her father, defendant, Robert A. Vetor, in her action against them for their negligence in the supervision of her on May 5, 1991. We affirm the summary judgment in favor of Saria's father but reverse the judgment in favor of her grandfather.

Saria alleges in her complaint that she was visiting her father at the property owned by her grandfather when she was bitten in the face by a chow/german shepard mix dog owned by her father's brother, defendant John Charles Vetor. Saria alleges that her injuries from the bite were proximately caused by the failure of her father and grandfather to protect her from the dog, which had wandered onto her grandfather's property, when each of them knew or should have known that the dog would bite her.

The designated evidentiary materials show the existence of a factual dispute over whether the dog bit or scratched Saria. However, there appears to be no dispute that the dog acted suddenly, without warning. Over the twenty-minute period preceding the attack, Saria had been playing on a slide and had stopped repeatedly to pet the dog after she had come down the slide. Her grandfather had been seated in a lawn chair, approximately four feet from the slide, and had himself been petting the dog, when the dog jumped upon Saria. He had pulled the dog off of Saria immediately. Saria's father had been in the barn with a friend working on an automobile when the dog attack occurred. He had entrusted Saria's care to his father. The incident had occurred on a weekend when Saria's father was exercising visitation rights as her noncustodial parent.[2]

---

2. Indiana Code 34–1–1–8 permits the custodial    parent to maintain an action for the injury of a

On appeal from the grant or denial of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C).

■ On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Ind. Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having her day in court. *Id.*

Indiana Trial Rule 56(C) provides that, at the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. *Id.* Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court. *Id.* No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. T.R. 56(H).

■ Saria's claim against her father proceeds upon the theory that he was negligent in his supervision of her. However, at the time of the injury-producing incident, Saria's father had entrusted Saria's grandfather with her care. There is no evidentiary dispute on this point. Saria does not allege that her father failed to exercise reasonable care in delegating responsibility for her care to his father; neither has she offered any evidence establishing that to do so was a breach of the standard of care owed to her by her father. To the contrary, the evidence shows no reason to doubt Saria's grandfather's ability to care for her.

Saria's father had no relationship whatsoever with the dog which bit her. He did not own either the dog or land upon which it roamed, and there is no evidence that he played any role in the dog's keeping. That being the case, Saria has not shown her father breached his duty of reasonable care to her and summary judgment was properly entered in his favor.

■ We turn then to the liability of Saria's grandfather. Saria's grandfather owed her a duty of reasonable care as the person to whom her care had been entrusted, *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 706; *Johnson v. Pettigrew* (1992), Ind.App., 595 N.E.2d 747, 753, *trans. denied; Pettery v. Groff* (1986), Ind.App., 491 N.E.2d 583, and as the owner of the land upon which she was a child invitee. *Ross v. Lowe* (1993), Ind., 619 N.E.2d 911, 914; *Pettigrew*, 595 N.E.2d at 750. In addition, the keeper of an animal has a duty to provide for the restraining and confinement of that animal, *Ross*, 619 N.E.2d at 914, and may become liable for damages the animal causes when the keeper is otherwise negligent in the manner of its keeping and control. *Alfano v. Stutsman* (1984), Ind.App., 471 N.E.2d 1143, 1144. In such cases, the person in control of the animal is bound to take note of the natural propensities of the type and breed of the animal in question. *Id.*[3]

child against the noncustodial parent. *Buffalo v. Buffalo* (1982), Ind.App., 441 N.E.2d 711.

**3.** The trial court determined as a matter of law that Saria's grandfather was not a keeper of the dog which injured her. It is for the court to determine if a legal relationship exists from which a duty of care arises. *Miller v. Griesel* (1978), 261 Ind. 604, 308 N.E.2d 701. However, while it is clear that the trial court must determine if an existing relationship gives rise to a duty, it must also be noted that a factual question may be interwoven with the determination of the existence of a relationship, thus making the exis-

The case thus turns upon whether it can be said as a matter of law that Saria's grandfather used reasonable care for her safety. The designated evidentiary materials do not show a genuine issue of material fact concerning the state of Saria's grandfather's knowledge of a dangerous propensity on the part of this particular dog. The dog had either not exhibited any acts of viciousness, or if it had, none of the deposed parties were aware of any such acts. And, while we recognize that a dangerous propensity on the part of an animal may be deduced from even playful conduct, *Puckett v. Miller* (1978), 178 Ind.App. 174, 381 N.E.2d 1087, 1090; *Doe v. Barnett* (1969), 145 Ind.App. 542, 551, 251 N.E.2d 688, and extends to any act on the part of the animal which might endanger the safety of persons or property in a given situation, *Ross v. Lowe* (1993), Ind., 619 N.E.2d 911, 914, the designated record does not contain any basis for concluding that Saria's grandfather had in fact been given any warning or notice of a dangerous propensity.

Even so, reasonable care requires that the care employed and precautions used be commensurate with the danger involved under the circumstances of a particular case. *Id.* The safeguards to be used, precautions to be observed and the foresight to be exercised are usually matters to be resolved by the jury. *Id.* This case is not an exception. Saria's peculiar status as a child invitee may alter the degree of reasonable care and diligence required on the part of her grandfather as the occupier of the land. *Johnson v. Pettigrew* (1992), Ind.App., 595 N.E.2d 747, 749. A five-year-old is not likely to foresee the propensity of all dogs to be dangerous when surprised, or the propensity of this particular breed to attack and bite without warning, or to become agitated and aggressive for no apparent reason. Were the jury to conclude that Saria's grandfather had been a keeper of the dog, he would be bound to know that chows as a breed are protective of their masters and have a propensity to attack, as Saria has established for purposes of summary judgment. This being so, a jury might reasonably find that the unrestrained harboring of the animal when Saria or other children were likely to be present involved an unreasonable risk of serious bodily harm to Saria, that the burden of eliminating the risk, either by expelling the dog or restraining it, or warning or removing Saria, was only slight and therefore, the imposition of liability is justified.

tence of a duty a mixed question of law and fact, to be ultimately resolved by the jury. *Douglass v. Irvin* (1990), Ind., 549 N.E.2d 368, 369 n. 1; *Clyde E. Williams & Associates, Inc. v. Boatman* (1978), 176 Ind.App. 430, 375 N.E.2d 1138, 1141. This case involves such a mixed question. *Cf. Steinberg v. Petta* (1986), 114 Ill.2d 496, 501 N.E.2d 1263, 1266 (Whether defendant an "owner" within meaning of statute which defines owner in part as one who keeps or harbors dog usually a question of fact). If it is determined that Saria's grandfather is a "keeper" of the chow dog owned by his son, he has a duty to use reasonable care in the manner of the dog's keeping and control.

Only one Indiana case has defined the term "keeper" for purposes of the liability of an individual for the actions of an animal. In *Williams v. Pohlman* (1970), 146 Ind.App. 523, 257 N.E.2d 329, 331, this court stated that a "keeper" is one who exercises control over an animal on his premises with knowledge of its presence, whether he be an owner or bailee. The *Pohlman* court also quoted the Corpus Juris Secundum definition for keeper, that being "one who harbors or protects" an animal. *But cf.* Ind.Code 15-5-12-2 (Defining dog owner to include a possessor, keeper, or harborer).

Saria has not offered any evidence tending to establish that the dog which bit her had been delivered to her grandfather for the purpose of providing it shelter or care, and there is no evidence that Saria's grandfather did in fact exercise physical control over the dog, other than when the dog jumped upon Saria. Even so, there can be no doubt that Saria's grandfather had the ability to exercise control over the dog. He owned the property upon which his two sons resided and the dog, owned by Saria's uncle, was permitted by both its owner and Saria's grandfather to roam the farm. *Cf. Kinsey v. Bray* (1992), Ind.App., 596 N.E.2d 938 (Possessor of land was in control of land and had ability to eject third person), *trans. denied.* Moreover, Saria's grandparents were feeding and watering the dog. Indeed, the evidence was that the dog usually got fed in the evening by Saria's grandmother. They also gave the dog affection. Hence, Saria's grandparents had not simply acquiesced but were intentionally causing the dog to come to their home. This being the case, under the facts most favorable to Saria, the nonmovant, it is fair to say that Saria's grandparents had assumed at least some measure of responsibility for the dog's care and were providing it refuge, thereby making them a harborer or keeper of the animal.

Indiana courts have defined reasonable care as requiring

a person to anticipate and guard against what usually happens or is likely to happen and that a failure to do this is negligence; but that reasonable care does not require him to foresee and guard against that which is unusual and not likely to occur, and a failure to do this is not negligence.

*Alfano v. Stutsman* (1984), Ind.App., 471 N.E.2d 1143, 1145 (quoting *Daugherty v. Hunt* (1941), 110 Ind.App. 264, 38 N.E.2d 250, 253). A reasonable jury might find that a dog biting after having been startled by a child or scratching a child in playfulness is something which in common experience is likely to happen if precautions are not taken. For this reason and the others stated, we are persuaded by Saria that the question of what constitutes reasonable care under these circumstances is a matter which should be resolved by a jury.

The judgment in favor of Saria's father is affirmed; the judgment in favor of Saria's grandfather is reversed.

Affirmed in part and reversed in part.

BAKER and BARTEAU, JJ., concur.