**Eric D. SMITH, Appellant–Plaintiff,**

**v.**

**STATE of Indiana, Appellee–Defendant.**

**No. 46A03–0704–CV–176.**

Court of Appeals of Indiana.

Sept. 14, 2007.

Eric D. Smith, Westville, IN, pro se, Appellant.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Following our reversal and remand to the trial court, Eric D. Smith ("Smith"), an inmate in the Indiana Department of Correction ("DOC"), now appeals the trial court's grant of summary judgment in favor of the Maximum Control Facility and DOC employees Daniel R. McBride, Nell Hayes, Pam Bane, and Elaine Zschoche (collectively, "the Defendants") on his complaint for violation of Indiana's Access to Public Records Act. Because Smith has not paid for copies of the public records and because he is a prisoner in the DOC, which places restrictions on his ability to inspect the records himself, the Defendants did not violate the Access to Public Records Act by providing Smith with a summary of the records. We therefore affirm the trial court.

### Facts and Procedural History

We were first introduced to this case in *Smith v. Maximum Control Facility*, 850 N.E.2d 476 (Ind.Ct.App.2006). In that case, Smith, who at the time was incarcerated at the Maximum Control Facility in Westville, Indiana, requested "documents that would show how much money the Defendant Maximum Control Facility rec[ei]ved for the purpose of spending on prisoner meals and documents showing how much of their money was spent on prisoner meals[.]"[1] Appellant's App. p. 20. When the requested documents were not provided to him, Smith filed a formal complaint with the Public Access Counselor, who issued a formal advisory opinion that the Maximum Control Facility's "failure to timely respond to your request for access to public records is a violation of the Access to Public Records Act." *Maximum Control Facility*, 850 N.E.2d at 477 (record citation omitted). When the Maximum Control Facility still did not honor Smith's request for the documents, he again complained to the Public Access Counselor, who this time advised Smith that "a person who has been denied the right to inspect or copy a public record by a public agency may file an action in the circuit or superior court of the county in which the denial occurred to compel the agency to permit the person to inspect and copy the public record." *Id.* (record citation omitted).

On November 2, 2005, Smith did just that and filed a *pro se* complaint in LaPorte Superior Court against the Defendants for "maliciously and/or negligently failing to timely respond to Mr. Smith's request of Access to Public Records, violation of the Access to Public Records Act (Indiana Code § 5–14–3)." *Id.* (record citation omitted). Specifically, Smith sought an order "compelling the defendants to permit the Plaintiff to inspect and copy the public records he has requested." *Id.* at 478 (record citation omitted). That same

---

1. Smith also requested documents regarding the facility's use of force. In this appeal, Smith only challenges the facility's response to his request for documents relating to money budgeted and spent on prisoner meals; therefore, we do not address the documents regarding the facility's use of force.

day, the LaPorte Superior Court dismissed Smith's complaint pursuant to Indiana Code § 34–58–1–2, which provides a screening procedure for offender litigation, because it found that the complaint was frivolous, did not state a claim upon which relief may be granted, and was meant to harass DOC personnel. *Id.* Smith appealed to this Court, and we reversed. *Id.* We held:

> In dismissing Smith's complaint, the trial court misunderstood the relief Smith was seeking. After receiving two favorable rulings from the Public Access Counselor, Smith sought to compel the Maximum Control Facility to permit him to inspect and copy the requested records. The motivation behind Smith's request for these records is irrelevant and immaterial. Indiana Code § 5–14–3–3(a) provides that *"[a]ny* person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter." (emphasis added). In addition, "No request may be denied because the person making the request refuses to state the purpose of the request, unless such condition is required by other applicable statute." *Id.* Though offender litigation is becoming prolific and statutes have been enacted to curb such litigation, Smith is entitled to access the public records, and he has the support of the Public Access Counselor. In his complaint, Smith sought an order "compelling the defendants to permit the Plaintiff to inspect and copy the public records he has requested. . . ." Appellant's App. p. 17. This is exactly what Indiana Code § 5–14–3–9(e) advises him to do. We therefore conclude that the

trial court erred in dismissing Smith's complaint.

*Id.* at 479.

After we remanded the case to the trial court, on January 4, 2007, Smith filed a Motion for Summary Judgement [sic] alleging that the Defendants still had not provided him with the requested documents. Then, on January 22, 2007, Elaine Zschoche, Litigation Liaison for Westville Correctional Facility, sent Smith a letter, which provides, in pertinent part:

> This information is in response to *Eric Smith v. Maximum Control Facility, et. al,* Cause No. 46D03–0511–PL–374. The fiscal year begins July 1 and ends June 30. The Food Service Budget for Westville Correctional Facility for fiscal year 2003–2004 was $3,612,303.00. The breakdown is as follows:
>
> Point 1:   (salary and benefits)
>              $1,810,460.00
> Point 3:   (dietary contract)
>              $12,000.00
> Point 4:   (food)
>              $1,789,853.00
>
> Maximum Control Facility and Westville Correctional Center had a combined food budget. The budgeted amount, the amount received and the amount expended were the same.
>
> This information was provided by the Business Administrator, Donald Parkes.

Appellant's App. p. 154. On February 13, 2007, the Defendants filed their own Motion to Dismiss or for Summary Judgment. On March 22, 2007,[2] the trial court issued an Order denying Smith's motion for summary judgment and granting the Defendant's motion to dismiss, finding that the Maximum Control Facility had "complied with the Indiana Court of Appeals' decision regarding access to public records." *Id.* at 182. Smith now appeals.

---

**2.** The order was amended on March 27, 2007, to correct a scrivener's error.

## Discussion and Decision

Smith appeals the trial court's dismissal of his complaint against the Defendants. Although the trial court granted the Defendants' motion to dismiss pursuant to Indiana Trial Rule 12(B)(6), the Defendants submitted materials outside the pleadings with this motion. According to Trial Rule 12(B), under these circumstances, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."[3] A party seeking summary judgment must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Atlantic Coast Airlines v. Cook*, 857 N.E.2d 989, 994 (Ind.2006). The review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* The court accepts as true those facts alleged by the non-moving party, construes the evidence in favor of the non-moving party, and resolves all doubts against the moving party. *Id.*

On appeal, Smith acknowledges that he received Elaine Zschoche's letter, which summarizes the money budgeted and spent on prisoner meals during fiscal year 2003–2004. However, Smith argues that the letter does not satisfy Indiana Code § 5–14–3–3 because he "was totally denied his right to inspect those records himself-the defendants could have written anything down, but it doesn't mean that what

they wrote was accurate or even true." Appellant's Br. p. 5.

Indiana Code § 5–14–3–3 provides, in pertinent part:

(a) Any person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter. A request for inspection or copying must:

(1) identify with reasonable particularity the record being requested; and

(2) be, at the discretion of the agency, in writing on or in a form provided by the agency.

No request may be denied because the person making the request refuses to state the purpose of the request, unless such condition is required by other applicable statute.

(b) A public agency may not deny or interfere with the exercise of the right stated in subsection (a). The public agency shall either:

(1) provide the requested copies to the person making the request; or

(2) allow the person to make copies:

(A) on the agency's equipment; or

(B) on the person's own equipment.

In addition, Indiana Code § 5–14–3–8[4] authorizes a state agency to charge $0.10 per page for providing a copy of a public record.[5]

---

3. We note that Smith had a reasonable opportunity to respond to the motion by submitting materials outside the pleadings. In fact, he filed his own motion for summary judgment. Therefore, we do not have a situation where he was not given a reasonable opportunity to respond and was prejudiced thereby. *See Holland v. Rizzo*, 872 N.E.2d 659 (Ind.Ct.App. 2007).

4. Indiana Code § 5–14–3–8(c) provides:
    The Indiana department of administration shall establish a uniform copying fee for the copying of one (1) page of a standard-sized

document by state agencies. The fee may not exceed the average cost of copying records by state agencies or ten cents ($0.10) per page, whichever is greater. A state agency may not collect more than the uniform copying fee for providing a copy of a public record. However, a state agency shall establish and collect a reasonable fee for copying nonstandard-sized documents.

5. There is a handbook on the Office of the Public Access Counselor's website. Pursuant to Appendix B of this handbook, public agencies must "[n]otify the requestor of the esti-

Smith's appeal focuses on his right to inspect the records. *See, e.g.,* Appellant's Br. p. 5 ("The failure to allow such 'inspection' is actionable."). Smith does not claim that he has paid the statutory copying fee or that he is entitled to a copy of the records at public expense because he is indigent. As for Smith's right to inspect the records, we point out that his status as a prisoner greatly frustrates this right. Smith is currently incarcerated in the DOC, and at least during one point in these proceedings, he was in punitive segregation. *See* Appellant's App. p. 12. Implicit in Indiana Code § 5–14–3–3 is practicality. And at this point in time, it is simply not practicable for Smith either (1) to be brought to the location of the records so that he can inspect them on location or (2) to have the records brought to him in the DOC so that he can inspect them while imprisoned. By providing Smith with a summary of the requested documents, the Defendants have not violated the Access to Public Records Act. We therefore affirm the trial court's grant of summary judgment in favor of the Defendants.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.

---

mated copy fee, if any and whether the fee must be provided before the copies of public records will be produced or if the fee can be paid upon delivery of the public records."

*See* Office of the Public Access Counselor, Handbook on Indiana's Public Access Laws 42 (2003), http://www.in.gov/pac/handbook/pac_handbook.pdf.