## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEES |
| John D. May<br>Greencastle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Andrea E. Rahman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John D. May,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Indiana Department of Child Services, Carrie T. Ingram, and Direnda Winburn,<br>*Appellees-Defendants.* | January 29, 2016<br><br>Court of Appeals Case No.<br>49A02-1509-PL-1405<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Heather A. Welch, Judge<br><br>Trial Court Cause No.<br>49D01-1503-PL-7634 |

**Bradford, Judge.**

## Case Summary

On March 9, 2015, Appellant-Plaintiff John D. May, an inmate at the Putnamville Correctional Facility, filed a lawsuit, *pro se*, against Appellees-Defendants the Indiana Department of Child Services ("DCS"), Carrie T. Ingram, and Direnda Winburn (collectively, the "Appellees"), alleging that the Appellees had violated Indiana's Access to Public Records Act ("APRA"), Indiana Code chapter 5-14-3. The parties filed competing motions for summary judgment and supporting memoranda. After reviewing each of the motions for summary judgment, the trial court awarded summary judgment in favor of the Appellees and denied May's request for summary judgment. The trial court subsequently denied a request by May to clarify the term "pleading." Concluding that the trial court properly granted the Appellees' request for summary judgment, denied May's request for summary judgment, and denied May's motion to clarify the meaning of the term "pleading," we affirm.

# Facts and Procedural History

The undisputed facts, as found by the trial court, are as follows: May is currently incarcerated at the Putnamville Correctional Facility. On November 24, 2014, May submitted letters to Ingram, an Administrative Law Judge ("ALJ") with DCS, and Winburn, a Hearings and Appeals Coordinator with DCS, requesting copies of certain documents under the APRA. In the letter to Ingram, May requested the following:

> (1) A copy of any and all dismissal Orders/documents;
> (2) I am trying to re-file the appeals — so I am requesting a copy
> of any of the forms that I would need to file in order to re-initiate

it, or reinstate it;
(3) And a copy of any and all laws, policies, procedures, statutes, rules, etc,. that I would need knowledge of to challenge the dismissals, re-instate or refile the appeals, and to perfect the same.  A copy of all applicable Rules and Forms.

Appellant's App. p. 65 (underlining in original).  May also indicated that he was "indigent" and was therefore "requesting any costs or fees be waived."

Appellant's App. p. 65 (underlining in original).  In the letter to Winburn, May requested the following:

1.  A copy of the policies and procedures of DCS & CPS;
2.  A copy of all applicable rules and statutes that pertain to Appeals in this office.  I need a copy of all documents/laws/rules, etc., that I would need to learn how to litigate such an appeal, and to be able to do business with you.
3.  A copy of any and all documents within your Office and File(s) that have my name on them or that pertain to me in any way.
4.  A copy of any dismissals or Orders.
5.  A copy of all appeal forms or other state or DCS forms that I might need in interacting with this agency.
6.  The last time I corresponded with you, you stated: "attach dismissals Highlight bottom of dismissals"; I am requesting more information or documents that would explain to me just how to attack the dismissals.

Appellant's App. pp. 67-68 (underlining in original).  May again asserted that he was "indigent" and requested that "any costs and fees be waived."

Appellant's App. p. 68 (underlining in original).

[3] On or about December 4, 2014, May submitted amended formal complaints against DCS, Ingram, and Winburn to the Office of the Public Access Counselor, claiming that his request for access to public records had been denied. In support of this claim, May asserted that DCS had failed to respond to his requests within seven days. May renewed his formal complaints in a letter dated December 22, 2014.

[4] On January 16, 2015, John Wood, Deputy General Counsel for DCS, responded to the formal complaints filed by May in a letter sent to Dale L. Brewer of the Office of the Public Access Counselor. In this letter, Wood explained that he was out of the office when DCS received May's requests, that DCS's response was initially delayed due to unintentional circumstances internal to DCS, and that the volume of May's request necessitated significant time to generate an appropriate response. Upon completing the task of gathering the documents requested by May, DCS promptly provided the requested documents and information to May. Wood also provided the Office of the Public Access Counselor with a copy of DCS's response to May.

[5] Also on January 16, 2015, Wood responded to May's request. Included with this response was the requested documents and an explanation of what was being provided to May. The response indicated that DCS had waived any fees and costs relating to the records and other documents enclosed in its response. DCS also acknowledged the delayed response, explained the reason for the delay, and apologized for any inconvenience the delay might have caused. DCS further acknowledged, however, that "any rights [May] may have had or

may currently have concerning determinations made by DCS affecting you have not been reduced or otherwise affected by our delay in providing this response to your letters." Appellant's App. p. 63.

[6] With regard to May's request for a copy of all of DCS's policies and procedures, DSC's response provided May with a copy of the policies and procedures relating to administrative appeal hearings and indicated that "[a] complete set of the DCS policies and procedures would contain several hundred pages of documents, nearly all of which would appear to be irrelevant to the hearings and appeals procedure" which had been the focus of May's previous contacts with DCS. Appellant's App. p. 61. The response directed May to the DCS website where all current policies were available for downloading and notified May that DCS would provide paper copies of any additional necessary policies and procedures could be provided given that May "narrow his request to the specific topics for which [May wanted] to review applicable policies." Appellant's App. p. 61. The response also provided May with a copy of the Child Protection Index, which contained "the statutory provisions regarding administrative hearings and appeals relating to substantiated determination of child abuse or neglect" and a copy of the forms used for requesting an administrative review or hearing concerning a determination of substantiated child abuse or neglect. Appellant's App. p. 61.

[7] With regard to May's request for a copy of any and all documents pertaining to May, DCS's response provided May with "the complete files maintained by our Hearings and Appeals Office concerning the two cases in which [May had]

been involved." Appellant's App. p. 62. The response indicated that some of the records requested by May were not available for production under the APRA because the documents contained statutorily-specified confidential information. However, given that May was a party to the assessments and related appeals, May was entitled to a copy of the records subject to certain redactions. Thus, the response included redacted versions of the documents at issue. The response further indicated that to the best of DCS's knowledge and belief, it had no other documents pertaining to May.

[8] On February 2, 2015, Public Access Counselor Luke H. Britt issued an advisory opinion to May in response to May's complaints. In this response, Britt noted that DCS had responded to May's letters to Ingram and Winburn on January 16, 2015. Britt concluded that DCS acted contrary to the APRA by failing to acknowledge receipt of May's request within seven days, but further noted the following:

> DCS has acknowledged that internal routing issues led to the delay in acknowledging your request. Their eventual response and partial production of documents was released on January 16, 2015. While the delay in acknowledgment was a violation of the APRA, the time taken to produce the records was reasonable. It is my sincere hope that the lack of an acknowledgement did not substantively affect your quest for access.

Appellant's App. p. 74.

[9] On March 9, 2015, May initiated the underlying lawsuit, claiming that the Appellees had violated the APRA and requested a declaratory order, injunctive

relief, civil penalties, and compensation for his litigation expenses. The Appellees filed a motion to dismiss May's lawsuit and a supporting memorandum on May 1, 2015. On May 14, 2015, May filed a motion for summary judgment. The Appellees responded to May's motion for summary judgment and filed a cross-motion for summary judgment on July 15, 2015. Both motions were supported by memoranda and designated evidence. May subsequently filed a response to the Appellees' motion for summary judgment and the Appellees filed a reply to May's response.

[10] The trial court conducted a hearing on the competing motions for summary judgment, after which it denied May's motion for summary judgment and granted the Appellees' motion for summary judgment. May moved the trial court to clarify the definition of the term "pleading" on August 27, 2015. The trial court denied May's motion on September 2, 2015. This appeal follows.

# Discussion and Decision

## I. Summary Judgment

[11] On appeal, May contends that the trial court erred in denying his motion for summary judgment and in granting the Appellees' motion for summary judgment.

### A. Standard of Review

[12] Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and

when the moving party is entitled to judgment as a matter of law. *Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 887 (Ind. Ct. App. 2002).

> "On appeal from the denial of a motion for summary judgment, we apply the same standard applicable in the trial court. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We therefore must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. A genuine issue of material fact exists where facts concerning an issue, which would dispose of the litigation are in dispute, or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. If the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo."

*Clary v. Lite Machines Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006) (quoting *Bd. of Tr. of Ball State Univ. v. Strain*, 771 N.E.2d 78, 81-82 (Ind. Ct. App. 2002) (internal quotation marks and case citations omitted)).

> A party seeking summary judgment bears the burden to make a *prima facie* showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *American Management, Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 428 (Ind. Ct. App. 1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-moving party may not rest on its

pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id*.

*Heritage Dev.*, 773 N.E.2d at 888 (emphasis added). "On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity." *Van Kirk v. Miller*, 869 N.E.2d 534, 540 (Ind. Ct. App. 2007), *trans. denied*. However, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather may affirm the trial court's ruling if it is sustainable on any theory found in the evidence designated to the trial court. *See Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.*, 7 N.E.3d 263, 267 (Ind. 2014) (citing *Wagner v. Yates*, 912 N.E.2d 805, 811 (Ind. 2009)).

[13] Further, "[t]he fact that the parties made cross motions for summary judgment does not alter our standard of review. *MacGill v. Reid*, 850 N.E.2d 926, 928-29 (Ind. Ct. App. 2006) (citing *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997), *trans. denied*). "When considering cross motions for summary judgment, we consider each motion separately, construing the facts most favorably to the non-moving party in each instance and determine whether the moving party is entitled to judgment as a matter of law." *Id*. at 929 (citing *Hartford*, 690 N.E.2d at 291).

## B.  Analysis

[14] In arguing that the trial court erred in granting the Appellees' cross-motion for summary judgment, May asserts that the trial court's decision is improper as a

matter of law because the Appellees denied his request for certain documents. While May does not specify what, if any, requested documents the Appellees refused to tender, it appears that May's assertion is based on DCS directing May to the agency website to find all DCS policies and procedures and in redacting certain confidential information from other documents.

[15] With respect to an individual's right to inspect and copy public agency records, Indiana Code section 5-14-3-3 provides as follows:

> (a) Any person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter. A request for inspection or copying must:
> > (1) identify with reasonable particularity the record being requested; and
> > (2) be, at the discretion of the agency, in writing on or in a form provided by the agency.
>
> No request may be denied because the person making the request refuses to state the purpose of the request, unless such condition is required by other applicable statute.
>
> (b) A public agency may not deny or interfere with the exercise of the right stated in subsection (a). Within a reasonable time after the request is received by the agency, the public agency shall either:
> > (1) provide the requested copies to the person making the request; or
> > (2) allow the person to make copies:
> > > (A) on the agency's equipment; or
> > > (B) on the person's own equipment.

### 1. DCS Policies and Procedures

[16]  With respect to May's request for all of DCS's policies and procedures, DCS explained that a copy of all of DCS's policies and procedures would contain hundreds of pages, most of which would be irrelevant to the procedures relating to hearings and appeals, which appeared to be the focus of May's request. DCS's response directed May to an electronic version of all of the requested information. It also included an offer to provide paper copies of any specific policies or procedures that May might desire, given that he narrow his request to specific topics and policies.

[17]  "Implicit in Indiana Code § 5-14-3-3 is practicality." *Smith v. State*, 873 N.E.2d 197, 201 (Ind. Ct. App. 2007). It would be impractical to require DCS to provide May with paper copies of hundreds of pages of seemingly irrelevant information. Thus, like the trial court, we conclude that by providing May with access to electronic versions of the requested documents, coupled with an offer to provide paper copies of any specific policies or procedures that might be included in a narrowed request by May, DCS has adequately complied with the requirements of the APRA. *See id.* (providing that the State did not violate the APRA by providing the plaintiff with a summary of the requested documents when the plaintiff was incarcerated in punitive segregation and, as a result of this placement, it would have been impractical to allow him to inspect the requested records).

## 2. Redacted Confidential Information

[18] May requested documents relating to all prior assessments and related appeals to which he was a party. Some of the requested documents, however, contained statutorily-specified confidential information. Indiana Code section 5-14-3-4 provides that records that are declared confidential by state statute are excepted from the APRA and "may not be disclosed by a public agency."

[19] In its response, DCS indicated that some of the requested records were not subject to the APRA because the documents contained confidential information. However, given that May was a party to the assessments and related appeals, DCS provided May with copies of the documents in which the statutorily-specified confidential information was redacted.[1] May provides no argument explaining how DCS acted inappropriately in providing him with the redacted versions of the requested documents.

## 3. Civil Penalties

[20] With regard to civil penalties for a failure to comply with APRA, Indiana Code section 5-14-3-9.5(c) provides:

> If an individual:
> (1) continues to deny a request that complies with section 3(b) of this chapter for inspection or copying of a public record after the public access counselor has issued an advisory opinion:

---

[1] DCS also noted that in light of May's status as a party, May should have previously received copies of each of these documents.

> > > (A) regarding the request for inspection
> > > or copying of the public record; and
> > > (B) that instructs the public agency to
> > > allow access to the public record; and
> > (2) denies the request with the specific intent to
> > unlawfully withhold a public record that is subject to
> > disclosure under this chapter;
> > the individual and the public agency employing the individual
> > are subject to a civil penalty under subsection (h).

Indiana Code section 5-14-3-9.5(h) provides that "In an action under this section, a court may impose the following civil penalties: (1) Not more than one hundred dollars ($100) for the first violation. (2) Not more than five hundred dollars ($500) for each additional violation."

[21] The trial court determined that, as a matter of law, it would be improper to assess civil penalties against the Appellees because the Appellees did not continue to deny a request *after* the public access counselor had issued an advisory opinion which instructed the Appellees to allow access to the records in question. Indeed, the designated evidence demonstrates that DCS responded to May's request and provided the requested documents *before* the public access counselor issued his advisory opinion, a fact that was noted by the public access counselor in his advisory opinion. In addition, nothing in the designated evidence establishes that the Appellees acted with the specific intent to unlawfully withhold disclosure of any information requested by May. Furthermore, the minor delay in responding to May's request was not intentional and the documents he was entitled to receive were provided to him.

# C. Conclusion

[22] In sum, contrary to May's assertions, DCS did not deny any part of May's request without explanation or continue to deny access to the requested records after having been ordered to allow access by the public access counselor. The designated evidence demonstrates that DCS provided a detailed explanation for why it responded in the manner it did. DCS's response indicated that May's request for all DCS policies and procedures was too broad and voluminous; directed him to an electronic version of said policies and procedures; and offered to provide paper copies of the documents if May were to narrow his request to a specific topic, policy, or procedure. Further, upon determining that certain requested documents were not subject to disclosure under the APRA because the documents contained statutorily-specified confidential information, DCS provided May with copies of the documents in which the statutorily-specified confidential information was redacted. The designated evidence also reveals that DCS responded to May's request and provided access to the requested documents before being instructed to do so by the public access counselor. Nothing in the designated evidence suggests that DCS continued to refuse access to any documents after having been ordered to provide access by the public access counselor.

[23] Because the designated evidence demonstrates that DCS responded to May's request by providing access to the requested information and that an assessment of civil penalties is not justified under Indiana Code section 5-14-3-9.5(c), we

conclude that the trial court did not err in granting the Appellees' cross-motion for summary judgment or in denying May's motion for summary judgment.[2]

## II. Trial Court's Determination that Appellees Did Not Violate the APRA and Denial of Request to Assess Civil Penalties

[24] We next turn to May's contention that the trial court erred in determining that the Appellees had not violated the APRA and in denying May's request for the assessment of civil penalties against the Appellees. In raising this contention, May argues that the trial court's determination that the Appellees did not violate the APRA is contrary to law and that that the civil penalties should have been assessed against the Appellees. Specifically, May argues that the Appellees acted in an arbitrary or capricious manner when they "picked and chose" what documents to give to him. Appellant's Br. p. 36.

[25] Upon review, we find May's argument relating to whether the Appellees violated the APRA appears to be little more than a re-statement of his claims relating to the propriety of the trial court's award of summary judgment in favor of the Appellees. In ruling on the competing motions for summary judgment, the trial court found, as a matter of law, that the Appellees did not violate the

---

[2] To the extent that May argues that the trial court did not rely on properly designated evidence in reaching its decision on the competing summary judgment motions, our review of the record reveals otherwise. Furthermore, to the extent that May attempts to challenge the evidence designated by the Appellees, we note that May stated in his response to the Appellees' cross-motion for summary judgment that he agreed with the Appellees' designation of evidence and that both May and the Appellees previously agreed that there were no genuine issues of fact.

APRA. Upon review, we concluded that this ruling was proper. Because May did not succeed on the merits of his claim, we further conclude that May is not entitled to recover costs, damages, or injunctive relief. *See Anderson v. Huntington Cnty. Bd. of Com'rs*, 983 N.E.2d 613, 619 (Ind. Ct. App. 2013) (providing that an individual is only entitled to receive attorney's fees and court costs if he "substantially prevails"); *Ferrell v. Dunescape Beach Club Condos. Phase I, Inc.*, 751 N.E.2d 702, 713 (Ind. Ct. App. 2001) (providing that an individual is only entitled to permanent injunctive relief if he has succeeded on the merits of his claim); *Irving Materials, Inc. v. Carmody*, 436 N.E.2d 1163, 1165 (Ind. Ct. App. 1982) (providing that "[t]he law does not ward damages where no legal wrong was found").[3]

## III. Trial Court's Denial of May's Motion to Clarify

[26] May also contends that the trial court erred in denying his motion to clarify the term "pleadings." In raising this contention, May asserts that the motion to clarify should have been treated as a motion to correct error.

> A trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion. *Kashman v. Haas*, 766 N.E.2d 417, 419 (Ind. Ct. App. 2002). An abuse of discretion occurs when the trial court's action is against the logic and effect

---

[3] Furthermore, to the extent that the trial court failed to respond to his request for a declaratory judgment regarding his rights and privileges under APRA, review of the record reflects that the trial court clearly set forth May's rights and privileges under APRA in its order.

of the facts and circumstances before it and the inferences that may be drawn therefrom. *Id.*

*Williamson v. Williamson*, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005).

[27] In his motion to clarify, May requested the trial court to clarify its ruling on the parties' summary judgment motions by clarifying "the definition and application of the term 'pleadings.[4]'" Appellant's App. p. 97. In making this request, May inquired into whether the term pleading was "understood by the Court and used in a broad sense to include any papers/documents? And, if so what papers in particular did the Court relied [sic] on?" Appellant's App. p. 97. Review of May's motion to clarify indicates that his request seems to be based on the belief that the trial court could only consider the pleadings of the instant matter when deciding the parties' competing motions for summary judgment. This belief is incorrect.

[28] Pursuant to Indiana Trial Rule 56(C), the parties may submit, and the trial court may consider, designated evidence in support of the motion consisting of all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and *any other matters on which it relies for purposes of the motion*." (Emphasis added). Review of the record reveals that the parties designated evidence in support of their respective summary judgment motions.

---

[4] Indiana Trial Rule 7(A) provides that "[t]he pleadings shall consist of: (1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and (5) a third-party answer."

This designated evidence included not just the pleadings but also various other types of appropriate designated evidence as outlined in Trial Rule 56(C). The record further reveals that May previously indicated that he agreed with the Appellees' designation of evidence.

[29] Upon review, we observe that nothing in the record suggests that the trial court applied any meaning for the term "pleadings" other than the definition provided in Indiana Trial Rule 7 or considered any documents or exhibits outside of the designated evidence in considering the parties' competing summary judgment motions. As such, we conclude that the trial court acted within its discretion in denying May's motion to clarify.

[30] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.